BARRETT v. INDEPENDENT OIL CO.
No. 6638.

United States Court of Appeals for the District of Columbia.

Argued Nov. 11, 1936.

Decided Dec. 21, 1936.

William A. Gallagher, of Washington, D. C., for appellant.

M. D. Rosenberg and N. M. Lubar, both of Washington, D. C., for appellee.

Before MARTIN, C. J., and ROBB, VAN ORSDEL, GRONER, and STEPHENS, JJ.

PER CURIAM.

It is difficult to understand from the briefs and from the record the precise ground upon which judgment in this case went for the plaintiff (appellee), but we gather from the argument on the hearing that the order of the court was based upon defendant's (appellant) failure to file a bill of particulars in accordance with a previous order of the court. The record shows that in apt time the defendant filed a plea to the declaration, counterclaiming in the sum of $4,800. One week later plaintiff applied for a bill of particulars, and the lower court passed an order requiring a bill of particulars to be filed but without fixing the time within which it should be filed. A little more than three weeks after the entry of the order plaintiff moved for judgment and for dismissal of the counterclaim, on the ground that the defendant had failed to file his bill of particulars as required by order of the court and also that the defendant had failed to set forth a sufficient defense to defeat plaintiff's claim. Ten days later the defendant filed a paper called an "opposition" to the motion for judgment, in which he set forth that the delay in filing the bill of particulars was due to the fact that the preparation of the particulars required a large amount of detail work "in examining and correlating the accounts and records of the defendant"; that this work had been done and the bill prepared—and he then offered to file the same. But the court, without more, granted the previous motion to dismiss the counterclaim and entered judgment for the sum claimed in the declaration.

We think defendant should have been permitted to file his bill of particulars. The order of the court, as we have seen, specified no fixed time for the filing of the bill, nor do the rules of the lower court. Law Rule 24, which is relied on, does not apply to bills of particulars. In these circumstances, it was the duty of the defendant to file the bill within a reasonable time, and what was a reasonable time ought to have been the subject of judicial inquiry, having in view the difficulties of getting together the necessary data. Upon failure to file the bill within a reasonable time, a court may in its discretion refuse to allow the bill to be filed or may strike out the pleading respecting which particulars are required and not given; but neither action should be taken arbitrarily and until the party concerned shall have been put on notice.

In the present case the action of the court in refusing to allow the bill to be filed was unwarranted—especially in view of the facts that no damage was shown by the delay and that the counterclaim set forth sufficient facts to constitute a cause of action. We are, therefore, of opinion that the judgment below should be reversed and the case remanded with instructions to proceed in accordance with this opinion.

Reversed.