**INDEPENDENT OIL CO. v. BARRETT.**

No. 85223.

District Court of the United States for the District of Columbia.

March 28, 1939.

———◇———

Benj. F. Rossner and Nathan M. Lubar, both of Washington, D. C., for plaintiff.

Wm. A. Gallagher, of Washington, D. C., for defendant.

COX, Associate Justice.

It is considered that the plaintiff's motion to set aside verdict and judgment on defendant's counterclaim and to enter judgment for the plaintiff without offset against the verdict in its favor should be granted.

The evidence in support of the alleged contract between the plaintiff and defendant as set up in the counterclaim is thought to go no further than to show that the relation between them was that of merchant and customer,—a relation determinable at the will of either party.

The evidence seems also insufficient to support the allegations in the counterclaim of unlawful agreement between the plaintiff and the Continental Oil Company to restrain trade in violation of the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note, and of injury to the defendant because of plaintiff's refusal, in pursuance of that agreement, to sell him gasoline. And, even if the existence of the alleged unlawful agreement be assumed, it seems settled that any damage resulting to the defendant therefrom could not be set up by way of counterclaim or set-off against the indebtedness admitted to be due to the plaintiff for gasoline sold and delivered to him. See Connolly v. Union Sewer Pipe Co., 184 U.S. 540, 22 S.Ct. 431, 46 L.Ed. 679; Wilder Mfg. Co. v. Corn Products Refining Co., 236 U.S. 165, 174–177, 35 S.Ct. 398, 59 L.Ed. 520, Ann.Cas. 1916A, 118; Small Co. v. Lamborn & Co., 267 U.S. 248, 252, 45 S.Ct. 300, 69 L.Ed. 597; and Sinclair Refining Co. v. Wilson Gas & Oil Co., D. C., 52 F.2d 974 as very closely in point. The opinion of the Court of Appeals in this cause, 66 App.D.C. 386, 88 F.2d 768,

is considered not decisive of the questions arising at the present stage.

The verdict of the jury on the counter-claim should be set aside, the counterclaim disallowed as upon a directed verdict there-on in favor of the plaintiff, and judgment for the plaintiff against the defendant entered in the full sum of $1,262.81, with interest from February 23, 1934.