## BOND INDUSTRIAL EQUIPMENT SALES CO., Inc. v. WHITING CORP.

United States District Court
S. D. New York.
June 6, 1953.

Feldshuh & Bier, New York City, for plaintiff. Sidney Feldshuh, New York City, of counsel.

Charles S. Corben, New York City, for defendant.

WEINFELD, District Judge.

The plaintiff and defendant entered into a written sales agreement under which plaintiff acted in a specified territory as distributor of Trackmobile, a new type of truck, manufactured by the defendant. The Trackmobiles under the agreement were purchased by the distributor, who, in turn, sold it to the industry. The contract was entered into on April 2nd, 1951 and terminated by the defendant effective as of April 1st, 1952 by notice as permitted by the agreement.

Plaintiff seeks to recover a sum advanced for promotional and other activities in pub-

licizing, advertising and introducing the Trackmobile, a new product, into the market. Plaintiff claims that the termination of the distributorship deprived it of a reasonable opportunity to realize a return upon its investment and that defendant was unjustly enriched.

Defendant seeks summary judgment, claiming that the agreement precludes any recovery by the plaintiff since the promotional expense incurred by it was pursuant thereto; it also seeks summary judgment on the counter claim for $7,510.12 due for a Trackmobile and certain parts sold and delivered to the plaintiff pursuant to the agreement.

The plaintiff in affidavits opposing the motion contends that its claim is not based upon the agreement but upon an alleged independent arrangement made between it and the defendant by one of its officers with respect to promotional and advertising activity and that this claim is not circumscribed by the agreement. Plaintiff also disputes that the relationship between the parties was that of buyer and seller. No affidavit has been submitted by the officer with whom the alleged independent arrangement was made.

■ While the basis of the plaintiff's claim is not altogether clear, sufficient is set forth, if believed, to indicate an independent undertaking with respect to promotional and advertising expenses. It may be, as defendant's .home counsel phrased it, "a tenuous form of obligation," but an issue is presented which must await trial. See Arnstein v. Porter, 2 Cir., 154 F.2d 464. Accordingly, the motion for summary judgment on plaintiff's claim is denied.

■■ I see no defense to the counter claim. It is conceded that the merchandise was sold and delivered to plaintiff and the amount in question is undisputed. There is no just reason for delay, and judgment is directed to be entered upon the counter claim. Plaintiff, however, urges that enforcement of the judgment be stayed under Rule 62(h) of the Federal Rules of Civil Procedure, 28 U.S.C.A., until the determination of .its claim. Plaintiff's claim appears sufficiently doubtful (and I do not pass upon it) not to deny defendant its right to proceed to enforce the judgment. The order to be entered herein may, at plaintiff's option, contain a provision staying enforcement of the judgment on the counter claim upon condition that plaintiff serve an undertaking to secure the judgment with interest pending the disposition of the plaintiff's claim.

Settle order on notice.