MORAND BROS. BEVERAGE CO., a
corporation, Plaintiff,

v.

NATIONAL DISTILLERS AND CHEMI-
CAL CORPORATION, and Gold Seal
Liquors, Inc., a corporation, Defend-
ants.

No. 58 C 1763.

United States District Court
N. D. Illinois.

Nov. 18, 1959.

K. F. Montgomery, G. E. Hale and
Peter A. Dammann of Wilson & McIl-
vaine, Chicago, Ill., for National Dis-
tillers and Chemical Corp.

Thomas C. McConnell and Francis J.
McConnell, of McConnell, Paschen, Cur-
tis & Looby, Chicago, Ill., for Gold Seal
Liquors, Inc., Richard L. Mandel, Chi-
cago, Ill., for plaintiff.

ROBSON, District Judge.

Defendant National Distillers and
Chemical Corporation has filed a coun-
terclaim which after allowing a credit is
for $192,966.22, and represents the bal-
ance due from plaintiff to defendant for
liquor purchased. Invoices for the pur-
chases are appended, and disclose none to
have been for beer. Defendant has
moved for summary judgment on the
counterclaim (which was amended to al-
low a credit on the sum owed).

Plaintiff's answer to the counterclaim
predicates a defense on the ground that
a far greater sum is owed to plaintiff be-
cause of the defendant's violation of the

28

antitrust acts; that no recovery may be had by defendant of plaintiff for the sums owed because the transactions arose out of defendant's acts in violation of the said statutes, and that a portion of the money sued for is based upon goods sold to the plaintiff more than 30 days after it first received credit and therefore not collectible under the laws of Illinois. It makes no defense, however, as to the accuracy of the amount claimed as owing, or denial of the existence of the debt.

Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. provides for partial judgment thus:

"When more than one claim for relief is presented in an action, * * * [or] as a * * * counterclaim, * * * the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

The Court is of the opinion that the decision in Kelly v. Kosuga, 358 U.S. 516, 79 S.Ct. 429, 3 L.Ed.2d 475, is determinative here of the right of defendant to a judgment upon its counterclaim, holding as it does that the affirmative defense of the buyer should be stricken, which defense to a suit for the unpaid balance due in respect to a lawful sale for a fair consideration, was to the effect that the sale was made pursuant to and as an indivisible part of an agreement which violated the Sherman Antitrust Act, 15 U.S.C.A. § 1 et seq. The Court there said (358 U.S. at pages 518, 520, 521, 79 S.Ct. at page 431):

"As a defense to an action based on contract, the plea of illegality based on violation of the Sherman Act has not met with much favor in this Court. This has been notably the case where the plea has been made by a purchaser in an action to recover from him the agreed price of goods sold.

*   *   *   *   *   *

"   *   *   *   If the defense of illegality is to be allowed as a collateral method of enforcement of the antitrust laws, as the breadth of the petitioner's argument suggests, it must be said that his theory creates a very strange class of private attorneys general.   *   *   *   Past the point where the judgment of the Court would itself be enforcing the precise conduct made unlawful by the Act, the courts are to be guided by the overriding general policy, as Mr. Justice Holmes put it, 'of preventing people from getting other people's property for nothing when they purport to be buying it.'   *   *   * Supplying a sanction for the violation of the Act, not in terms provided and capricious in its operation,   *   *   *   is avoided by treating the defense as so confined."

■ The Court is of the opinion that the counterclaim is a completely separate claim in this instance for goods bought and sold. The charges of the complaint pertaining to the alleged violations of the antitrust acts in the relationship between National Distillers and Chemical Corporation, and Gold Seal Liquors, Inc., which gave rise to alleged illegal preference to Gold Seal Liquors, Inc. to the great detriment of plaintiff, do not go to the fact that plaintiff bought and received, and is therefore liable to pay for the products sold to it by defendant, National Distillers and Chemical Corporation.

■ The Court believes the granting of this judgment on the counterclaim is not violative of the principle enunciated in Columbia Broadcasting System, Inc. v. Amana Refrigeration, Inc., 7 Cir., 271 F.2d 257, wherein the Court of Appeals found an abuse of discretion in the granting of a certification that there was no just reason for delay in the entry of a final judgment on one of the three parts of the counterclaim. The established principle is to preclude piecemeal appeals and avoid delay in the trial of the principal claim or the remaining portions of

the counterclaim. The Court found the judgment there did not in any way either simplify or facilitate the conduct of the future litigation. Such partial judgment should not be entered unless there is hardship or unfairness which would justify discretionary departure from the normal rule as to the time of the appeal.

The granting of this summary judgment on the counterclaim settles the counterclaim *in its entirety*, and concludes an issue which is completely separable from that raised in the complaint. It is a simplification of the issues and does facilitate the conduct of the trial of the complaint. Nor will the entry of the judgment impede the trial of the principal issue since there will be a stay of the enforcement of the judgment. There is no just reason for a delay in the entry of this summary judgment. The only real defense raised by plaintiff to the counterclaim is that the Illinois statute makes a portion of the amount sought under the counterclaim uncollectible, being based upon goods sold more than 30 days after it first received credit. However, that statute (Chap. 43, Sec. 122) is expressly applicable to persons having a *retailer's license*, whereas plaintiff alleges in its complaint that it is a licensed *wholesale* distributor. There is a further provision in the same statute pertaining to the sale of beer on credit, but the invoices appended to the pleadings reveal that beer sales were not involved here.

The Court, however, directs a stay of the enforcement of the judgment upon the counterclaim, until judgment is entered upon the issues raised by the complaint. The stay is pursuant to Rule 62 (h) which provides that where the court has ordered a final judgment on some, but not all, of the claims presented in the action, it may stay enforcement of that judgment until the entering of a subsequent judgment and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment is entered.