John E. Cone, J.
In an action based upon fraud and breach of contract the defendants move pursuant to rule 111 of the Rules of Civil Practice, to dismiss plaintiff’s affirmative defense to defendants’ counterclaim for goods sold and delivered. In substance the affirmative defense alleges that defendants violated the antitrust laws of the United States by entering into contracts in restraint of trade, illegally fixing prices by controlling the resale prices of its products, prohibiting resale of its products in certain designated territories and to certain governmental agencies, and by threatening to cut off plaintiff’s supplies if plaintiff violated the resale restrictions.
The corporate defendants are in the refrigeration and air-conditioning industry. They undertook to sell to plaintiff their merchandise at prices listed in their price list less agreed discounts and granted to plaintiff a territory in which plaintiff had the exclusive right to sell, solicit and distribute the said merchandise. As part of the agreement, plaintiff agreed to provide the defendant with information concerning prospective customers and to disclose to defendants any and all relevant matters and records pertaining to plaintiff’s business including inventory, personnel, finan *232 cial condition, customers, sales promotion, advertising or other pertinent information regarding the plaintiff’s business which might be required by the said corporate defendants. It is asserted that the corporate defendants thereafter, together with the individual defendant, conspired to fix prices for the merchandise in certain designated territories and with respect to sales to governmental agencies; that to carry out such conspiracy the corporate defendants as a condition to the delivery of the goods referred to in the counterclaim required plaintiff to abstain and refrain from offering- the said goods at prices other than that fixed by the defendants and to abstain from selling the said goods in certain territories which the corporate defendants set aside as the exclusive territories for others, and to abstain from offering the goods for sale to certain governmental agencies and subdivisions thereof; that such requirements were placed upon plaintiff under the threat that if plaintiff violated them plaintiff’s distributorship rights would be cancelled. The Supreme Court of the United States, in actions to recover from the purchaser the agreed price of goods sold, has time and time again refused to permit the purchaser to escape his obligations by asserting a defense of illegality under the Federal antitrust laws (see Connolly v. Union Sewer Pipe Co., 184 U. S. 540; Cincinnati Packet Co. v. Bay, 200 U. S. 179; Wilder Mfg. Co. v. Corn Prods. Co., 236 U. S. 165; Small Co. v. Lamborn & Co., 267 U. S. 248) since the violation was collateral to the right asserted in the litigation and the relationship between the contract of purchase and the transgression of the antitrust laws was too remote. However in Continental Wall Paper Co. v. Voight & Sons (212 U. S. 227) the court reached a different result. There the defendant purchased merchandise from plaintiff which was the instrument whereby a scheme by 30 manufacturers to monopolize trade and enhance the price of the merchandise was furthered. The defendant was compelled to become a party to the illegal combination or go out of business and the account in suit was made up, as to prices and terms of sale, not upon an independent collateral contract for goods sold and delivered but with reference to and in conformity with and for the object of enforcing the agreements that constituted the illegal combination. The court in reaching its result held that to give judgment for the excessive purchase price in favor of the vendor would constitute the courts a party to carrying out one of the restraints forbidden by the antitrust laws. In appraising the foregoing cases, the United States Circuit Court of Appeals (2d Circuit) said in Lyons v. Westinghouse Elec. Corp. (222 F. 2d 184, 187-188): *233 “ The up-shot of these decisions, if we apprehend them right, is that, if a conspiracy inheres in the contract in suit by a conspirator against a non-conspirator, the conspiracy is a defense, but not otherwise. It is impossible to import any exact boundaries into that word; and we shall not attempt to do so; but whatever may be the limits, it appears to us that, when a conspirator seeks to enforce a contract between himself and one of his ‘ agents ’ whom he has employed to carry out the purposes of the illegal enterprise, the conspiracy must ‘ inhere ’ in the contract. The ‘ agent ’ is a co-operator with him in his illegal venture, unlike the buyer of the goods monopolized who has not joined in the understanding and is therefore not an abettor. The fact that the agent’s cooperation is unwilling is irrelevant; although a victim of the wrong, he becomes an active promoter of it.”
Plaintiff asserts that the relationship between it and the corporate defendants went far beyond the usual and ordinary relationship of buyer and seller; that the plaintiff’s innermost actions with respect to its distribution of the corporate defendant’s products were completely controlled by these defendants and the plaintiff was required to reveal and to disclose to them all of the details concerning its business; that this relationship made the plaintiff the “ agent ” of the corporate defendants and accordingly within the meaning of the definition set forth in the Lyons case (supra) the price-fixing conspiracy of the defendants inheres in the contract.
A plea similar in nature was urged and rejected in Kelly v. Kosuga (358 U. S. 516, 520) the court stating: “ the character of the parties is not in itself determinative.”
There the plaintiff sought recovery of the balance of the purchase price of onions sold to defendant. Defendant and plaintiff reciprocally agreed not to sell on futures, in order to fix the selling price and limit the market supply. In upholding the right of plaintiff to recover, the court recognized the availability of a defense of illegality only “ where the judgment of the Court would itself be enforcing the precise conduct made unlawful by the Act ” (p. 520). Pointedly, it showed that in the Continental Wall Paper Co. case (supra) if it had permitted plaintiff to recover the selling price, which was the excessive price fixed by the conspiracy, it would have enforced the contract made unlawful by the act. It found, however, under the facts before it, that the completed sale of the onions to the defendant was an intelligible economic transaction at a fair price and under such circumstances it could not be said that to give such transaction *234 legal effect would be to enforce a violation of the Sherman Act (U. S. Code, tit. 15, § 1) even though the sale furnished the occasion for a restrictive agreement. In the present case, the selling arrangement is also a separate intelligible transaction. The alleged unlawful activity of the defendants herein does not strike at the sale of merchandise by the corporate defendants to the plaintiff. It is not claimed in the affirmative defense that the goods were sold to plaintiff at a price which was unreasonable or affected by the price-fixing of the defendants. To give legal effect to this transaction would not constitute this court a party to carrying out one of the restraints forbidden by the antitrust laws. The motion to dismiss the affirmative defense is accordingly granted.