**REINES DISTRIBUTORS, INC.**, suing on behalf of itself and of all others similarly situated, Plaintiff,

v.

**ADMIRAL CORPORATION**, Admiral Credit Corporation, and Admiral Distributing Corporation, Defendants.

United States District Court
S. D. New York
July 6, 1962.

Hoeniger & Rozen, New York City, for plaintiff. Berthold H. Hoeniger, Malcolm A. Hoffmann, New York City, of counsel, for plaintiff.

O'Brien, Driscoll & Raftery, New York City, for defendants. George A. Raftery and William D. Friedmann, New York City, of counsel.

METZNER, District Judge.

This memorandum concerns itself with the question of the entry of judgment pursuant to Fed.R.Civ.P. 54(b), 28 U.S. C.A. on the order granting the motion of Admiral Credit Corporation for summary judgment on its counterclaim. Plaintiff has voluntarily discontinued its first claim against the defendant Admiral Credit Corporation. As that claim now stands, it is based on alleged violations of the Robinson-Patman Act by the defendant Admiral Corporation. The relationship of the parties is contained in an agreement known as a "Distributor Contract". The essence of the second claim against all defendants, which is predicated upon section 1 of the Sherman Act, 15 U.S.C.A. § 1, is a reallegation of the first claim with additional allegations of conspiracy.

The counterclaim of Admiral Credit Corporation is predicated upon the failure of plaintiff to repurchase promissory notes and trust receipts where the dealer-purchaser has defaulted in payment. This obligation is contained in a separate agreement between the plaintiff and Admiral Credit Corporation which was denominated as "Dealer Inventory Financing—Distributor Agreement". Whether counterclaims are compulsory or permissive is not a determining factor, but the relationship of the adjudicated claims to the unadjudicated claims should be considered in determining whether the court should exercise its discretion under rule 54(b). In view of Justice Holmes's position that it is improper to get other people's property for nothing when you purport to be buying it, Continental Wall Paper Co. v. Louis Voight & Sons Co., 212 U.S. 227, 271, 29 S.Ct. 280, 53 L.Ed. 486 (1909), and the decision in Kelly v. Kosuga, 358 U.S. 516, 79 S.Ct. 429, 3 L.Ed.2d 475 (1959), defendant should have judgment entered immediately, since there is no just reason for delay. The grounds urged upon the court by plaintiff, at the pretrial conference, to show "just reason" are not suffi-cient. Following the decisions of Omark Industries, Inc. v. Lubanko Tool Co., 266 F.2d 540 (2d Cir. 1959); Morand Bros. Beverage Co. v. National Distillers & Chem. Corp., 25 F.R.D. 27 (N.D.Ill.1959) and Bond Industrial Equip. Sales Co. v. Whiting Corp., 114 F.Supp. 161 (S.D. N.Y.1953), judgment shall be entered upon the counterclaim, pursuant to rule 54(b), with a stay of execution upon the filing of a bond by plaintiff in favor of defendant Admiral Credit Corporation to secure the payment of the judgment at the conclusion of the case. Fed.R.Civ.P. 62(h). If the parties are unable to agree upon the balance due this defendant on its counterclaim, application shall be made to the court for a hearing thereon.

So ordered.