Charles A. Loreto, J.
Plaintiff moves to dismiss for insufficiency the four affirmative defenses contained in defendants' answer.
Plaintiff sues to recover moneys advanced to defendants under a written agreement pursuant to which defendants were not obliged to repay this money if for a period of three years they purchased from plaintiff a daily average of 30 cases of milk. Under the contract plaintiffs were entitled to immediate repayment of the moneys advanced if defendants failed to purchase the daily average of 30 eases.
In substance the first, second and third affirmative defenses allege that the plaintiff and others entered into a conspiracy to violate the Federal and State antitrust laws and that the agreement in suit is illegal since it was in furtherance of the alleged conspiracy to restrain trade and lessen competition.
The preliminary objection, to the effect that, since the agreement upon which this suit is based took the form of a stipulation of settlement of a City Court action, it must be enforced in that court, is overruled. A new liability was substituted for the old one. (Yonkers Fur Dressing Co. v. Royal Ins. Co., 247 N. Y. 435.)
The agreement sued upon patently does not contain any terms of the alleged conspiracy between plaintiff and others, not party to this action. It is an arrangement between plaintiff and defendants collateral to any alleged conspiracy between plaintiff and other parties. Its enforcement does not involve the question of any combination in restraint of trade; nor does it involve the enforcement of the terms of any arrangement between the members of the combination or conspiracy.
Here, the agreement is a separate, economic transaction distinct from the alleged illegal acts of the plaintiff and others. In itself, it merely gives to the defendants the right to a rebate of the amount advanced by the plaintiff upon complying with the requirement to purchase an average of 30 eases of milk daily from plaintiff. (Kelly v. Kosuga, 358 U. S. 516; Refrigeration Sales Co. v. York Cory., 32 Misc 2d 231.)
This agreement is not an integral part of the illegal conspiracy. Nor can the defendants be considered as agents or abettors of the conspiracy. Their relationship to plaintiff is that *743 of buyer and seller. No inherent illegality can be found in the agreement. (Lyons v. Westinghouse Elec. Corp., 222 F. 2d 184, 187-188.)
Moreover, it does not require the defendants as retailers to purchase milk exclusively from the plaintiff. Defendants were free not to buy any milk at all from plaintiff, incurring only the obligation to return money received from plaintiff, and they were also free to purchase additional milk over 30 cases per day from other dealers. In McElherney Co. v. Western Auto Supply Co. (269 F. 2d 332, 338-339) the court stated: “It is only in the presence of this essential element that consideration must be given as to whether competition may be substantially lessened or whether there is any tendency toward monopoly.” This factor — lack of exclusivity — distinguishes this case from Gold Medal Farms v. 2737 Food Corp. (9 A D 2d 647) relied upon and cited by defendants’ attorney.
These defenses are unavailable in this action.
The fourth defense that the money was advanced by plaintiff without any affirmative obligation on the part of defendants to repay it, is nothing more than a conclusion of law.
Accordingly, the motion to dismiss the affirmative defenses is granted.