■ ANNA LEVY, Respondent, v. KELLY ASSOCIATES, INC., Appellant.— Order, entered on November 19, 1963, unanimously reversed, on the law and the facts and in the exercise of discretion, with $20 costs and disbursements to the appellant, and motion to dismiss for lack of prosecution granted, with $10 costs. This action to recover for personal injuries became at issue in May, 1960, but no note of issue was filed until this motion to dismiss was made in October, 1963. The duty of prosecuting this action rested upon the one who brought it, namely, the plaintiff (*Sortino* v. *Fisher,* 20 A D 2d 25, 30); the settlement negotiations and the delay in the completion of pretrial procedures do not, in the posture of this record, constitute a justifiable excuse for the inordinate delay here in placing the case upon the calendar. Furthermore, in view of the provisions of the Statement of Readiness Rule, the case could have been placed on the calendar prior to the completion of the pretrial examinations; in any event, such examinations were completed in January, 1963, and defendant's deposition signed in March, 1963. Under the circumstances here, the motion to dismiss should have been granted. (*Sortino* v. *Fisher, supra.*) Concur — Botein, P. J., Valente, Eager and Steuer, JJ.

■ SAMUEL ADLER, INC., Respondent, v. FRED G. BIELER et al., Appellants.— Order, entered on December 3, 1962, affirmed, with $20 costs and disbursements to the respondent. The debt sued upon arose out of the settlement of an earlier suit between the parties. No facts are pleaded to show that any restraint on trade, which may result from the alleged conspiracy between dealers, was either promoted or fostered by the creation of the obligation upon which this suit was brought. Absent such facts the pleading does not constitute a defense. Concur — Stevens, Eager and Steuer, JJ.; Breitel, J. P., and McNally, J., dissent in part and vote to modify the order and deny the motion with respect to the first three affirmative defenses in the following memorandum: The pleading tenders ultimate facts that the purported debt upon which plaintiff sues is merely a part and instrumentality of an illegal scheme in violation of the several laws prohibiting unreasonable restraint of trade (see pars. 11 and 18 of the answer). If the pleading is insufficient because the allegations are arguably conclusory, defendant, at the very least, should be permitted to replead, especially since the public interest is directly involved. Actually, the pleading gives ample notice of the defense (CPLR 3013). It is, in brief, that the original debt and payment of it is designedly the opening device by which the restraint of trade is effected. Notably, plaintiff on argument conceded that the advance in form was, in truth, a disguise for a rebate in price, and not a loan at all. [37 Misc 2d 741.]