TENNA CORPORATION, Plaintiff,

v.

REGO RADIO & ELECTRONICS COR-
PORATION, Defendant,

Automatic Radio Manufacturing Compa-
ny, Inc., Additional Defendant
on Counterclaim.

Civ. A. No. 67 C 267.

United States District Court
E. D. New York.

May 17, 1967.

Weinstein & Levinson, New York City,
for plaintiff; Frank Weinstein, Samuel
Weinstein, New York City, of counsel.

Delson & Gordon, New York City, for
defendant; Norman Moloshok, Walter
J. Herz, New York City, of counsel.

BRUCHHAUSEN, District Judge.

The defendant, Rego Radio & Elec-
tronics Corporation, moves to add Auto-
matic Radio Manufacturing Company,
Inc., as an additional defendant on its
counterclaim. Violation of the anti-trust
laws is alleged in the counterclaim.

The plaintiff sues to recover for goods
sold and delivered. The answer inter-
posed a general denial, affirmative de-
fenses and counterclaims. The second
defense contains allegations that the
named defendant was involved in the
price fixing conspiracy at the direction
of the plaintiff and the additional de-
fendant. The defenses then proceed to
allege that this conspiracy caused severe
monetary damages to the movant.

Rule 13(h) of the Federal Rules of
Civil Procedure was rewritten in 1966 as
follows:

"Joinder of Additional Parties. Per-
sons other than those made parties to
the original action may be made par-
ties to a counterclaim or crossclaim in
accordance with the provisions of
Rules 19 and 20."

It is well settled that procedural
rules should be and are liberally con-
strued.

However, the Supreme Court of
the United States, in actions for goods
sold and delivered, has refused to permit
the purchaser to escape his obligations
by asserting a defense of illegality un-
der Federal anti-trust laws. Connolly v.
Union Sewer Pipe Co., 184 U.S. 540, 22
S.Ct. 431, 46 L.Ed. 679; Cincinnati,
P. B. S. and P. Packet Co. v. Bay, 200
U.S. 179, 26 S.Ct. 208, 50 L.Ed. 428;
D. R. Wilder Mfg. Co. v. Corn Products
Refining Co., 236 U.S. 165, 35 S.Ct. 398,
59 L.Ed. 520; A. B. Small Co. v. Lam-

born & Co., 267 U.S. 248, 45 S.Ct. 300, 69 L.Ed. 597.

The Court in Continental Wall Paper Co. v. Louis Voight & Sons, 212 U.S. 227, 29 S.Ct. 280, 53 L.Ed. 486, reached a different result. It concluded that the defendant purchased merchandise which was the instrument whereby the scheme of the manufacturers to monopolize trade and enhance the price of the merchandise was furthered.

In Refrigeration Sales Co., Inc. v. York Corporation, 32 Misc.2d 231, 223 N.Y.S.2d 116, at page 118, the Court held in part:

"In appraising the foregoing cases, the United States Circuit Court of Appeals (2d Circuit) said in Lyons v. Westinghouse Electric Corporation (222 F.2d 184, 187): 'The upshot of these decisions, if we apprehend them right, is that, if a conspiracy inheres in the contract in suit by a conspirator against a nonconspirator, the conspiracy is a defence, but not otherwise.' It is impossible to import any exact boundaries into that word; and we shall not attempt to do so; but, whatever may be the limits, it appears to us that, when a conspirator seeks to enforce a contract between himself and one of his 'agents,' whom he has employed to carry out the purposes of the illegal enterprise, the conspiracy must 'inhere' in the contract. The 'agent' is a co-operator with him in his illegal venture, unlike the buyer of the goods monopolized who has not joined in the understanding and therefore is not an abettor. The fact that the agent's cooperation is unwilling is irrelevant; although a victim of the wrong, he becomes an active promoter of it."

In Kelly v. Kosuga, 358 U.S. 516, at page 520, 79 S.Ct. 429, at page 432, 3 L.Ed.2d 475, the Court discussed these leading cases and held, "The character of the parties is not in itself determinative."

■ The Court concludes after considering the procedural rule with the applicable case law, that the motion must be denied. The movant has his remedy under the anti-trust statutes.

■ The plaintiff also informally moved to strike the second defense in that it fails to state a cause of action. The plaintiff should make such motion pursuant to the regular motion rules and, therefore, it is denied, without prejudice.

Settle order on two (2) days' notice.