**FORD MOTOR COMPANY, Plaintiff,**

v.

**Gerald STRICKLAND, d/b/a Evans Tractor Company, Defendant.**

**Civ. A. No. 2236.**

United States District Court
S. D. Georgia,
Savannah Division.

Aug. 12, 1969.

Robert M. Hitch, Savannah, Ga., for plaintiff.

James Emory Findley, Claxton, Ga., for defendant.

## ORDER

LAWENCE, Chief Judge.

Plaintiff brought a diversity suit against its farm tractor distributor in three counts for indebtedness on a note, on open account and for conversion of equipment sold to defendant. The latter filed a counterclaim alleging that it had been damaged by Ford Motor Company changing its marketing program so as to eliminate small dealers and by its attempt to force defendant out of business by discontinuing the floor plan and by other means. Subsequently, the counterclaim was amended so as to bring it directly under the Sherman and Clayton Acts. Defendant alleges that he has been damaged by reason of the acts and combinations of plaintiff and sues for triple damages amounting to $103,140.

Plaintiff moved to dismiss the counterclaim. The basis of the motion is that a counterclaim under the anti-trust law is not maintainable where the plaintiff's action is for the price of goods sold to a defendant. Where a plaintiff sues for the value of goods sold by it to the defendant the latter cannot by

way of counterclaim sue for damages growing out of violation of the anti-trust laws. Bell v. Lamborn et al., 4 Cir., 2 F.2d 205; Sinclair Refining Co. v. Wilson Gas & Oil Co., D.C., 52 F.2d 974; Independent Oil Co. v. Barrett, D.C., 79 F. Supp. 831. The defendant's remedy is under the anti-trust statutes. Tenna Corporation v. Rego Radio & Electronics Corporation, D.C., 270 F.Supp. 31; Kelly v. Kosuga, 358 U.S. 516, 79 S.Ct. 429. It is no defense to a suit on notes of the buyer that plaintiff has violated the Robinson-Patman Act (Bruce's Juices, Inc. v. American Can Co., 330 U.S. 743, 67 S.Ct. 1015) and that statute does not make the purchase price uncollectible or the contract of sale illegal. The remedy afforded by the anti-trust laws is not avoidance of payment under the contract but the punitive redress established by the statute. Lewis v. Seanor Coal Company, 3 Cir., 382 F.2d 437.

It is true that it has been held that Rule 13 of the Federal Rules of Civil Procedure, dealing with compulsory and permissive counterclaims, permits a defendant to file a counterclaim under the anti-trust laws rather than to institute an independent action in the jurisdiction required by 15 U.S.C. § 15. Brown Paper Mill Co., Inc. v. Agar Mfg. Corporation, D.C., 1 F.R.D. 579.[1]

However, there is authority to the contrary. In Barnsdall Refining Corporation v. Birnamwood Oil Co., D.C., 32 F.Supp. 314, the District Judge, in a case similar to the present, held that the right to file a counterclaim is a substantive one that cannot be asserted where such right did not exist prior to the adoption of the Civil Procedure Rules. In Hardrives Co., Inc. v. East Coast Asphalt Corp., (Fla.App.), 166 So. 2d 810, 812, a Florida appellate court concluded that "the federal decisions subsequent to the federal rules holding that such a counterclaim is not proper are no longer based upon the procedural objections to allowing a counterclaim or setoff for unliquidated tort damages in a contract action but are now based upon the fact that the Congress has provided an independent treble damage action which precludes a counterclaim."

The indebtedness upon which Ford Motor Company sues here appears to possess no direct relation to defendant's counterclaim alleging that the monopolistic practices of plaintiff eased him out of his distributorship. Be that as it may, decisions cited on the first page of this opinion tell me that a defendant cannot file a counterclaim under the anti-trust laws to an action by plaintiff to recover the price of goods sold but must institute a separate suit for treble damages. At any rate, I so hold.

The motion to dismiss the counterclaim is sustained.

---

1. See also Rosenthal v. Fowler, D.C., 12 F.R.D. 388 and Admiral Corporation v. Cerullo Electric Supply Co., D.C., 32 F. R.D. 379. In the latter case the Court recognized the rule that statutory price discrimination may not be used as a defense to a claim for breach of contract but the District Judge severed for separate trial the defendant's counterclaims under the Sherman Act and the Robinson-Patman Act. *Brown Paper Mill Co.*, *supra*, is cited in 6 Toulmin's Anti-Trust Laws of the United States, 16.47, p. 459 in support of the statement by the author: "There is little doubt but that the law was well settled before the Rules of Civil Procedure, that in an action for goods sold and delivered, the defendant could not interpose a counterclaim or a defense under the anti-trust laws where the cause of action in the counterclaim, or the defense, arose out of collateral transactions. However, under Rule 13, where the defendant has a right of action against the plaintiff, although arising out of collateral matters to the subject matter of the complaint, it may be pleaded as a counterclaim."