**ST. MARIE AND SON, INC., a Minnesota corporation, Plaintiff,**

v.

**HARTZ MOUNTAIN CORPORATION, a New Jersey corporation, et al., Defendants.**

No. 4–75–Civ–638.

United States District Court,
D. Minnesota,
Fourth Division.

June 3, 1976.

Paul D. Tierney, Minneapolis, Minn., Alex S. Kosa, Kosa & Zilz, Hudson, Wis., and John V. Norton, Norton, Jergens, Hebert & Cass, Stillwater, Minn., for plaintiff.

Eugene M. Warlich and James E. Schatz, Doherty, Rumble & Butler, St. Paul, Minn., for defendant Hartz Mountain Corp.

Thomas C. Bartsh, Minneapolis, Minn., for defendant Sabin Segal.

DEVITT, Chief Judge.

In this lawsuit brought under federal and state antitrust laws, two motions are presently pending: Defendant Hartz Mountain Corporation moves pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings as to its counterclaim, and Sabin Segal moves for his dismissal as a defendant under Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint fails to state a claim against him upon which relief can be granted.

Defendant Hartz Mountain Corporation is a manufacturer and marketer in the small pet and pet supply business. Defendant Sabin Segal is an officer and agent of the Hartz Mountain Corporation. Plaintiff, St. Marie and Son, Inc., is a former distributor of Hartz Mountain pet supplies.

I. MOTION OF DEFENDANT HARTZ MOUNTAIN CORPORATION FOR JUDGMENT ON THE PLEADINGS

In its complaint, plaintiff alleges a conspiracy to violate provisions of the Sherman Act,[1] the Clayton Act,[2] and Minnesota's antitrust law,[3] and coercion by Hartz Mountain and other defendants against plaintiff and interference with plaintiff's established and potential business relationships. Hartz Mountain alleges in its counterclaim that plaintiff is indebted to it for goods sold and delivered in the account stated sum of $19,000.00. Plaintiff admits in its reply to the counterclaim that it presently has an account stated in that amount to Hartz Mountain, but "by reason of the claims set forth in [its] complaint" plaintiff denies any allegation that it is indebted to Hartz Mountain Corporation. See Reply to Counterclaim, Clerk's file entry no. 9. This defense of antitrust illegality is the only defense plaintiff raises to the counterclaim.

In support of its motion, defendant Hartz Mountain cites the well-established rule that generally, in actions for goods sold and delivered, a purchaser should not be permitted to escape his obligations by asserting a defense of illegality under federal antitrust laws. See Kelly v. Kosuga, 358 U.S. 516, 79 S.Ct. 429, 3 L.Ed.2d 475 (1959); Bruce's Juices, Inc. v. American Can Co., 330 U.S. 743, 67 S.Ct. 1015, 91 L.Ed. 1219 (1947); D. R. Wilder Mfg. Co. v. Corn Prod. Ref. Co., 236 U.S. 165, 35 S.Ct. 398, 59 L.Ed. 520 (1915). In limiting the defense of illegality, the courts are guided by the overriding policy of "preventing people from getting other people's property for nothing when they purport to be buying it." Kelly, supra, 358 U.S. at 520–21, 79 S.Ct. at 432, 3 L.Ed.2d at 479, quoting from Continental Wall Paper Co. v. Louis Voight & Sons Co., 212 U.S. 227 at 271, 29 S.Ct. 280 at 296, 53 L.Ed. 486 at 509 (1909) (Holmes, J., dissenting).

There is one limited exception to the general rule that antitrust illegality will not constitute a defense to an action to recover for the price due for goods sold and delivered. It derives from the common law maxim that the courts will not aid a wrongdoer who seeks to realize the fruits of his illegality. See McMullen v. Hoffman, 174 U.S. 639, 19 S.Ct. 839, 43 L.Ed. 1117 (1899). However, in antitrust cases, for which Con-

1. See Sherman Act, Sections 1 & 2, 15 U.S.C. §§ 1 & 2.

2. See Clayton Act, Sections 2 & 3, 15 U.S.C. §§ 13 & 14.

3. M.S.A. §§ 325.8013–325.8015 and 325.8023.

gress has specifically authorized broad remedies to redress any damages sustained and to encourage compliance with the law, this exception to the disallowance of the illegality defense has been very narrowly construed.

The Supreme Court has stated that:

where a suit is based upon an agreement to which both defendant and plaintiff were parties, and which has as its object and effect accomplishment of illegal ends which would be consummated by the judgment sought, the Court will entertain the defense that the contract in suit is illegal under the express provision of that statute.

*Bruce's Juices, Inc. v. American Can Co., supra,* 330 U.S. at 755, 67 S.Ct. at 1020, 91 L.Ed. at 1227 (interpreting the earlier decision—*Continental Wall Paper Co. v. Louis Voight & Sons Co.,* 212 U.S. 227, 29 S.Ct. 280, 53 L.Ed. 486 (1909)). The antitrust illegality defense has been limited to that narrowly defined class of cases. It is clearly not applicable where the action for a purchase price is against a voluntary purchaser of goods under an independent contract which may be related only in a collateral way to activities or arrangements alleged to be unlawful under the antitrust laws. *See Kelly v. Kosuga, supra; Bruce's Juices, Inc. v. American Can Co., supra; D. R. Wilder Mfg. Co. v. Corn Prod. Ref. Co., supra.*

■ The charges of the complaint pertaining to the alleged violations of the antitrust laws in the relationship between Hartz Mountain and other distributors, and third parties including numerous retail outlets, do not go to the fact that plaintiff bought and received merchandise, and is therefore liable to pay for the goods sold to it by defendant, Hartz Mountain.[4] Plaintiff's additional argument that its "account stated" reflects certain unlawful discriminatory price increases enforced against plaintiff by Hartz Mountain does not alter

this result. The Supreme Court has concluded that statutory price discrimination may not be used as a defense to a claim for the purchase price of goods sold and delivered. *Bruce's Juices, Inc. v. American Can Co., supra.*

Plaintiff's reliance upon the case of *Parmelee v. Chicago Eye Shield Co.,* 157 F.2d 582 (8th Cir. 1946), is misplaced. In that case involving a suit on account for goods sold and delivered, the trial court granted summary judgment on the main claim, while ordering that five of the six asserted counterclaims be tried together in a separate trial. The basis for the reversal by the court of appeals was its conclusion that a determination of the parties differences in one action would avoid circuity of action, and the counterclaims presented real issues preventing summary judgment. Only one of the five counterclaims involved an alleged violation of the antitrust laws. In its opinion, the court of appeals did not single out any of the counterclaims for special analysis or consideration, and the court did not address the issue of whether antitrust illegality would be a viable defense to collection of the purchase price in the context of that particular case. We note further that some courts have distinguished antitrust counterclaims from the defense of antitrust illegality. *See Alaska Barite Co. v. Freighters Inc.,* 54 F.R.D. 192 (N.D.Calif. 1972); *but see Ford Motor Co. v. Strickland,* 302 F.Supp. 154 (S.D.Ga.1969); *see generally Gutor Internat'l v. Raymond Packer Co.,* 493 F.2d 938, 946–48 (1st Cir. 1974). We conclude that the *Parmelee* case is not authority for the proposition that an allegation of antitrust illegality can be asserted as a viable *defense* to the counterclaim in the case at hand.

## II. MOTION OF DEFENDANT SEGAL FOR DISMISSAL FOR FAILURE TO STATE A CLAIM

■ Motions to dismiss for failure to state a claim under Federal Rule of Civil

---

4. In its brief, plaintiff alleges that the defendant paid for numerous anti-competitive concessions given to retailers through reductions of the plaintiff distributor's account stated balance. Plaintiff's Memorandum at 3–4. However, these "credits" to plaintiff's account are obviously independent of the initial sales transactions which gave rise to the account stated.

74

Procedure 12(b)(6) are viewed with marked disfavor and are rarely granted. *Barnes v. Dorsey*, 480 F.2d 1057 (8th Cir. 1973). Such a motion will not be granted "unless it appears *beyond doubt* that [plaintiff] can prove no set of facts in support of his claim which would entitle him to relief." *Thomason v. Hospital T.V. Rentals, Inc.*, 272 F.2d 263, 266 (8th Cir. 1959) (emphasis added). The claims made in plaintiff's complaint are sufficient to preclude our making such a determination at this time with the certainty required for granting a motion to dismiss under rule 12(b)(6).

IT IS ORDERED that defendant Segal's motion to dismiss for failure to state a claim against him upon which can be granted is DENIED.

Inasmuch as we have, to a limited extent, considered matters outside the pleadings[5] in deciding the motion of defendant Hartz Mountain Corporation, that motion shall be treated as a motion for summary judgment, and as such it is GRANTED.

■ The court, however, directs a stay of the enforcement of the judgment upon the counterclaim, until judgment is entered upon the issues raised by the complaint. This stay is pursuant to Federal Rule of Civil Procedure 62(h).[6] *See Morand Bros. Beverage Co. v. National Distillers & Chem. Corp.*, 25 F.R.D. 27 (N.D.Ill.1959).

---

**5.** *See* note 4 *supra*.

**6.** Stay of Judgment as to Multiple Claims or Multiple Parties. When a court has ordered a final judgment under the conditions stated in Rule 54(b), the court may stay enforcement of that judgment until the entering of a subsequent judgment or judgments and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment is entered.

Fed.R.Civ.P. 62(h).