Amy RUST, Plaintiff,

v.

**BLUE CROSS & BLUE SHIELD UNITED OF WISCONSIN and Wisconsin Bell, Incorporated, Defendants.**

No. 87–C–0751.

United States District Court,
E.D. Wisconsin.

Aug. 21, 1989.

Christopher A. McConville and Marjan R. Kmiec, Kmiec Law Offices, Milwaukee, Wis., for plaintiff Amy Rust.

Elizabeth Bartlett, Staff Atty., Blue Cross & Blue Shield United of Wisconsin, Milwaukee, Wis., for defendant Blue Cross & Blue Shield United of Wisconsin.

F.D. Huber, Milwaukee, Wis., for defendant Wisconsin Bell, Inc.

DECISION AND ORDER

WARREN, Chief Judge.

Presently before the Court are motions by defendant Blue Cross to dismiss pursuant to F.R.Civ.P. 12(b)(6) and to compel discovery.

I. BACKGROUND

Plaintiff Amy Rust brought suit against defendants Blue Cross and Blue Shield United of Wisconsin and Wisconsin Bell, Inc. in May of 1987 for damages allegedly arising out of her failure to receive insur-

ance benefits following her divorce. Ms. Rust, a Milwaukee resident, is the former spouse of Richard Rust, who was an employee of Wisconsin Bell in 1985. Wisconsin Bell and Blue Cross are both Wisconsin corporations. While the Rusts were married, and while Mr. Rust worked at Wisconsin Bell, Amy Rust was covered as a dependent spouse under a group "Medical Expense Plan" sponsored by Wisconsin Bell and administered by Blue Cross. This plan qualifies as an "employee welfare benefit plan" under the Employee Retirement Income Security Act of 1974, ("ERISA") 29 U.S.C. § 1001 et seq.

In November of 1984, Amy Rust became divorced from her husband. Based on statements made by her husband, Amy Rust believed that her insurance coverage through Wisconsin Bell would end immediately upon her divorce. She did not verify this information with either Wisconsin Bell or Blue Cross. Amy Rust subsequently obtained health insurance coverage with Mid–America Mutual Insurance Company. In December, 1985, she fell and sustained injuries that required hospitalization. She filed claims with Mid–America, but Mid–America rejected her claims. She did not submit any claims to Blue Cross for treatment she received as a result of her injuries.

In May 1987, plaintiff filed her original complaint in state court, suing Blue Cross for bad faith, economic duress, emotional distress, and conspiracy with codefendant Wisconsin Bell. Because the health benefit plan was an employer sponsored ERISA benefit plan, defendant Wisconsin Bell removed the case to federal court, with Blue Cross joining the removal. In March of 1988, the codefendants moved for summary judgment, arguing that plaintiff's claims were all based in state law, and that, pursuant to 29 U.S.C. § 1144(a) and (b)(2)(B) ERISA preempted such claims. This Court in a September 21, 1988 decision granted the codefendants' summary judgment motion. The Court allowed the plaintiff to file an amended complaint, which she did on November 30, 1988.

In reopened discovery on the case, the defendants served interrogatories on the plaintiff which sought to discover the nature and basis for plaintiff's alleged claim for relief under ERISA. Plaintiff responded to the interrogatories in summary fashion, objecting on the basis of legal conclusion and attorney work product. Blue Cross filed the motion to compel discovery currently pending before the Court. Blue Cross has also moved to dismiss pursuant to F.R.Civ.P. 12(b)(6), arguing that plaintiff's amended complaint fails to articulate any cognizable relief under ERISA, and that the deposition of plaintiff and interrogatories served upon the plaintiff have not revealed any basis in fact or law for plaintiff's claim.

## II. MOTION TO DISMISS

A motion to dismiss for failure to state a claim upon which relief can be granted can serve the useful purpose of disposing of legal issues with a minimum of time and expense to the parties. *Hiland Dairy, Inc. v. Kroger Company,* 402 F.2d 968, 973 (8th Cir.1968), *cert. denied,* 395 U.S. 961, 89 S.Ct. 2096, 23 L.Ed.2d 748 (1969). The purpose of such a motion is to test the sufficiency of the pleading and the law of the claims therein—not to test the factual basis for the action which will be tested at trial. *Davis H. Elliot Co. v. Caribbean Utilities Co., Ltd.,* 513 F.2d 1176, 1182 (6th Cir.1975); *Niece v. Sears,* 293 F.Supp. 792, 794 (N.D.Okla.1968). Rule 12(b)(6) motions are, however, viewed with disfavor and should not be granted unless it appears beyond doubt that the complaining party can prove no set of facts in support of his allegations which would entitle him to relief. *St. Marie & Son, Inc. v. Hartz Mountain Corp.,* 414 F.Supp. 71, 74 (D.Minn.1976); *Harbert v. Rapp,* 415 F.Supp. 83, 86 (W.D.Okla.1976). Thus, a complaint should not be dismissed for mere vagueness or because it does not state with precision all the elements that may give rise to a legal basis for recovery. *Bramlet v. Wilson,* 495 F.2d 714, 716 (8th Cir.1974); *Josephson v. Joslin,* 38 F.R.D. 344, 346 (D.N.J.1965).

To withstand a motion to dismiss under Rule 12(b)(6), all that is required is specificity sufficient to give fair notice of the nature of the action. *Bennett v. Berg*, 685 F.2d 1053, 1058 (8th Cir.1982), *on rehearing*, 710 F.2d 1361 (8th Cir.1983), *cert. denied*, 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983); *United States v. Crown Zellerbach Corp.*, 141 F.Supp. 118, 125 (N.D.Ill.1956). In considering a motion to dismiss, the factual allegations of the plaintiff's complaint must be accepted as true, and the court must draw all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Sladek v. Bell System Management Pension Plan*, 880 F.2d 972, 975 (7th Cir.1989) (citing *Morgan v. Bank of Waukegan*, 804 F.2d 970, 973 (7th Cir.1986)). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). This Court must determine whether plaintiff is entitled to offer evidence to support her claim. *Scheuer*, 416 U.S. at 236, 94 S.Ct. at 1686.

Plaintiff's amended complaint is substantially the same as her original, on which this Court granted summary judgment on September 21, 1988. The only claim unique to plaintiff's amended complaint is paragraph 16, which states:

> [I]n the alternative to the above listed claims for relief and as a direct and proximate result of the defendants actions, the plaintiff is entitled to benefits of the Employee Retirement Insurance [sic] Security Act of 1974 (ERISA) as amended 29 U.S.C. Sec. 1001 *et seq.*

This Court must consider paragraph 16 of plaintiff's amended complaint, along with such facts as the Court has before it, and determine if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief.

Defendant argues that plaintiff's amended complaint merely asserts the legal conclusion that defendants' actions have entitled her to "benefits of ERISA." Defendant alleges that because the amended complaint states no facts that support such a conclusion, a dismissal is warranted. The plaintiff argues that this paragraph withstands a motion to dismiss because: (1) Defendants have neglected to notify the plaintiff of termination of coverage or the availability of a conversion privilege, and thus have subjected themselves to liability according to federal law; and (2) under Wisconsin insurance law, plaintiff is entitled to conversion rights because the ERISA "savings clause," 29 U.S.C. § 1144(b)(2)(A), preserves plaintiff's right to recovery under Wis.Stat. 632.897.

### A. *Plaintiff's Factual Basis for Recovery*

Plaintiff avers that on December 2, 1985, she sustained disabling injuries that necessitated continual medical care, and that Blue Cross was aware of the continual nature of this care because of the submission of bills for medical services during the marriage and just subsequent to the divorce. Plaintiff alleges that while she was incurring these medical costs, the defendant, without offering the plaintiff an opportunity to continue coverage under the group policy or to convert to an individual policy, terminated plaintiff's coverage by denying payment of these bills after the plaintiff's divorce, and that such conduct is in violation of state and federal law.

Defendant disputes plaintiff's factual rendition. It alleges that plaintiff's accident occurred after the divorce, not during the marriage, and that bills for plaintiff's care and treatment were not submitted to, nor rejected by the plan. In a sworn deposition, plaintiff has stated that she was officially divorced on November 14, 1985, and that her fall did not occur until December of 1985. Plaintiff testified that she applied for coverage with Mid–America Mutual Insurance Company on November 18, 1985, in direct response to her husband telling her that her coverage under the Wisconsin Bell plan would end with their divorce. Plaintiff has testified that the

bills she incurred for the medical treatment she received as a result of her fall were submitted to Mid–America, and not Blue Cross.

### B. *Plaintiff's Legal Basis for Recovery*

■ Taking plaintiff's version of the facts as true, as this Court must, it is necessary to determine if the defendants had been notified of the divorce and had been asked to continue plaintiff's coverage, whether plaintiff's amended complaint sets forth how this alleged failure to provide continuation is a violation of ERISA. Although this Court is bound to assume plaintiff's factual allegations to be true, this Court is not bound to assume the truth of plaintiff's legal conclusions. *Mitchell v. Archibald*, 573 F.2d 429, 432 (7th Cir.1978); *see also Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981), *cert. denied*, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981); *U.S. v. Tulare Lake Canal Co.*, 535 F.2d 1093, 1097 (9th Cir. 1976), *cert. denied*, 429 U.S. 1121, 97 S.Ct. 1156, 51 L.Ed.2d 571 (1977). Thus, this Court need not accept as true plaintiff's statement that she is entitled to relief under ERISA. Paragraph 16 of plaintiff's amended complaint is a legal conclusion, rather than a statement of fact. Even assuming as true plaintiff's factual allegations, these facts still do not demonstrate any right to relief under ERISA. Plaintiff has not referred to one, and this Court finds no substantive benefit provision regarding continuation or conversion for ERISA-type plans. *See* 29 U.S.C. § 1001 *et seq.* Plaintiff's reference to Wis.Stat. § 632.897 is incorrect; such an insurance law is preempted in the context of insurance plans, and is not saved from preemption by ERISA's "deemer" clause, 29 U.S.C. § 1144(b)(2)(B). *See* September 21, 1988 *Decision and Order* p. 8; *see also General Split Corp. v. Mitchell*, 523 F.Supp. 427, 430 (E.D.Wis.1981).

### C. *Plaintiff's "Memorandum in Clarification to Defendant's Reply Brief"*

■ In paragraph A of plaintiff's memorandum, she states that the Wisconsin Bell contract provided for conversion privileges for dependents who lost their eligibility for regular group coverage. Yet the amended complaint does not state that the benefit plan under which the plaintiff had been eligible provided for conversion. Even if the amended complaint did so, plaintiff's deposition testimony contradicts this as being the case.

The conversion rights in the Wisconsin Bell plan stated that a dependent losing coverage was entitled to convert Wisconsin Bell coverage to an individual policy issued by the insurance carrier. Plaintiff has stated that she never submitted claims to Blue Cross relating to her accident. Plaintiff's testimony indicates that upon inquiry to Blue Cross, she was offered an individual conversion policy. Deposition of Plaintiff at p. 5, lines 6–12, 22–25, and p. 6, lines 7–8. Plaintiff admits in her deposition that when quoted the rate for the individual policy, she found the cost to be too expensive. She decided not to purchase the conversion policy, instead purchasing cheaper coverage from Mid–America Mutual Insurance Company. Deposition of Plaintiff at p. 6, lines 13–15, and p. 7, lines 11–12.

In a brief submitted without leave and in contravention to the Local Rules, plaintiff has alleged that defendants have denied plaintiff conversion privileges. This allegation does not appear in the plaintiff's amended complaint. Although there appears no factual basis for this allegation, this Court takes it as true. Even doing so, this Court refers to its September 21, 1988 *Decision and Order* which concludes that any claims under Wis.Stat. 632.897 are preempted by ERISA. Thus, even if this Court were to accept "Plaintiff's Memorandum in Clarification of Defendant's Reply Brief" as somehow explicating her amended complaint, such an allegation that defendants denied plaintiff conversion privileges does not survive a motion to dismiss because the conversion statute plaintiff refers to is preempted by ERISA. Further, plaintiff's amended complaint unexplicated by her memorandum in clarification states only a legal conclusion that also fails to survive a motion to dismiss. It appears

beyond doubt to this Court that the plaintiff cannot prove a set of facts in support of her claim which would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Plaintiff's amended complaint suffers from more than vagueness; it lacks the specificity sufficient to give fair notice of the nature of the action. *Bennett v. Berg,* 685 F.2d 1053, 1058 (8th Cir.1982), *on rehearing,* 710 F.2d 1361 (8th Cir.1983), *cert. denied,* 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983).

### III. CONCLUSION

Accordingly, this Court GRANTS Blue Cross's motion to dismiss this case for failure to state a claim upon which relief can be granted. F.R.Civ.P. 12(b)(6). This Court also dismisses plaintiff's claims against Wisconsin Bell. Wisconsin Bell was only allegedly liable to plaintiff in that it was plaintiff's husband's employer. As plaintiff has failed to state a claim in her first complaint, failed to state a claim in the amended complaint, and failed to respond to proper discovery that would have her articulate the basis for the allegations contained in the amended complaint, the Court GRANTS this motion to dismiss with prejudice and without leave to replead. This disposition makes it unnecessary for the Court to rule on defendant's motion to compel discovery.

SO ORDERED.