**GENERAL SPLIT CORPORATION, a Wisconsin Corporation, et al., Plaintiffs,**

**v.**

**Susan MITCHELL, Commissioner of Insurance of the State of Wisconsin, et al., Defendants.**

**No. 81–C–42.**

United States District Court, E. D. Wisconsin.

Sept. 30, 1981.

[redacted]

William J. Mulligan, Mulcahy & Wherry, Milwaukee, Wis., for plaintiffs.

Bronson C. LaFollette, Wis. Atty. Gen. by James P. Altman, Asst. Atty. Gen., Madison, Wis., for defendants.

Mary A. Brauer and Scott W. Hansen, Reinhart, Boerner, Van Deuren, Norris & Rieselbach, Milwaukee, Wis., amicus curiae.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The plaintiffs in this action seek a declaratory judgment and a permanent injunction against the application of certain Wisconsin laws to their operations. The plaintiffs contend that the regulatory scheme embodied by the Wisconsin statutes is pre-empted as to them by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* (hereinafter ERISA). Both sides have moved for summary judgment on the issue of pre-emption and other grounds. The court has also received amicus curiae briefs from the boards of three employee welfare benefit plans.

The ERISA definition of an "employee welfare benefit plan" reads in pertinent part:

> "The terms 'employee welfare benefit plan' and 'welfare plan' mean any plan, fund, or program established or maintained by an employer or by an employee organization, or both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment,...." 29 U.S.C. § 1002(1).

In addition, ERISA uses the term "employee benefit plan" as a general term that encompasses employee welfare benefit plans. 29 U.S.C. § 1002(3). ERISA itself applies to any employee benefit plan established or maintained "by any employer engaged in commerce or in any industry or activity affecting commerce," with certain exceptions not relevant to this action. 29 U.S.C. § 1003(a)(1).

While the plaintiffs have filed comprehensive affidavits to substantiate that the plaintiff welfare benefit plans fall within the above definitions, the defendants do not dispute the point. There is also no dispute

in the record over whether this court has jurisdiction over this action, pursuant to 29 U.S.C. § 1132 and 28 U.S.C. § 1337(a).

Two Wisconsin statutes are relevant to this action. Chapter 285, 1979 Wis.Laws, Wis.Stat. § 632.897, mandates certain conversion benefits for health insurance plans. Chapter 313, 1979 Wis.Laws, Wis.Stat. 619.-10 *et seq.* and certain related provisions, establishes a health insurance risk sharing plan for the benefit of Wisconsin residents who are unable to secure ordinary health insurance coverage. Subsequent to the enactment of these two chapters, the defendants took steps to implement these laws as to the plaintiffs. Various forms were sent to the plaintiffs, as was information regarding enforcement. *See* Stipulation, filed March 31, 1981. Pursuant to one of the parties' stipulations, I enjoined further enforcement of these chapters as to the plaintiffs in an order dated April 9, 1981.

The parties have stipulated that the implementation of these chapters will:

"A. Create expenses to be incurred from the Plaintiff Plans' and Trusts' assets which will inure to the benefit of non-employees and non-participants, and

"B. Create administrative expenses not required by federal law for the Plaintiff Plans and Trusts, and

"C. Create administrative expenses for Plaintiff Plans and Trusts for which the non-employees and non-participants are not liable." Stipulation # 2, filed March 31, 1981, ¶ 3.

Despite their previous agreement, the defendants suggest that this stipulation is inaccurate, because the affidavits describing the plaintiffs' plans demonstrate that the plans already offer conversion benefits and because the costs of the risk sharing plan will not be borne by the plans themselves. *See* defendants' brief filed May 15, 1981, p. 5.

The plaintiffs move for summary judgment on the grounds that 1) ERISA preempts state laws such as these, 2) the state has no jurisdiction to regulate the plaintiffs' health plans because they were formed as a result of collective bargaining, 3) the state's effort to regulate these plans denies the employers and employees the right to engage in "free collective bargaining," and thus violates the privileges and immunities clause of the fourteenth amendment, and 4) application of the two chapters to existing collective bargaining agreements would violate the contracts clause of the Constitution, Article I, Section 10.

Conversely, the defendants move for summary judgment on the ground that the two chapters are a valid exercise of the state's authority to regulate the sale of insurance as provided by the McCarran-Ferguson Act, 15 U.S.C. § 1011, *et seq.* In addition, "the parties have agreed to the submitted record herein for Summary Judgment. . . ." Stipulation # 3, filed April 9, 1981.

ERISA addresses the issue of insurance regulation and employee benefit plans.

"(2)(A) Except as provided in subparagraph (b), nothing in this subchapter shall be construed to exempt or relieve any person from the law of any State which regulates insurance, banking, or securities.

"(B) Neither an employee benefit plan described in section 1003(a) of this title, which is not exempt under section 1003(b) of this title . . ., nor any trust which is established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for the purposes of any law purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies." 29 U.S.C. § 1144(b)(2)(A) & (B).

In addition, ERISA states:

"(a) Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title. . . ." 29 U.S.C. § 1144(a).

The above-quoted sections, when read together, are an express pre-emption of state regulation of employee benefit plans, including employee welfare benefit plans. In addition, the pre-emption is exceedingly broad; ERISA pre-empts all state laws that "relate to" employee benefit plans.

The plaintiffs' first ground is that because the plaintiffs' plans are regulated by ERISA, the state regulation is pre-empted. It is not disputed that the plaintiffs' plans fall within the ERISA definitions quoted above, but the defendants contend that the plans are still subject to state insurance regulation. The defendants base their argument on the fact that none of the plaintiffs' plans are fully self-insured. Instead, each plan has stop-loss coverage with an outside insurance company. The defendants contend that it is well within their authority under the McCarran-Ferguson Act to regulate the stop-loss carriers, and thus regulate the plaintiffs' plans which have contracted with these carriers. Thus the first ground of the plaintiffs' motion and the defendants' motion raise the opposite sides of the same coin.

In *Hewlett-Packard Co. v. Barnes*, 571 F.2d 502 (9th Cir.), *cert. denied*, 439 U.S. 831, 99 S.Ct. 108, 58 L.Ed.2d 125 (1978), the court of appeals affirmed a finding that ERISA pre-empted a California statute designed to regulate employee benefit plans established under ERISA. The California regulations were an effort to regulate most aspects of employee benefit plans. The district court had found that the plain meaning of section 1144 pre-empted such state regulation. In addition, the district court found the legislative history of ERISA to be unequivocal on the question. *Hewlett-Packard Co. v. Barnes*, 425 F.Supp. 1294, 1297–1300 (N.D.Cal.1977). Similarly, in *Standard Oil Co. of California v. Agsalud*, 442 F.Supp. 695 (N.D.Cal.1977), the same district court judge who decided *Hewlett-Packard* found that ERISA pre-empted Hawaii's efforts to regulate health care plans that were also regulated by ERISA.

In *St. Paul Electrical Workers v. Markham*, 490 F.Supp. 931 (D.Minn.1980), the district court considered certain Minnesota regulations substantially similar to the regulations in issue at bar. The court held: "The provisions here in question fall squarely within the prohibitions of [ERISA] Section 514(b)(2)(B) [section 1144(b)(2)(B)] and therefore are not entitled to the insurance law exemption provisions of Section 514(b)(2)(A) [1144(b)(2)(A)]." *Id.*, at 934. The court went on to state:

"It is no answer to argue that the Act is not pre-empted because it subjects the employee benefit plans to some insurance regulations rather than the entire scheme of insurance laws, and that the provisions governing the content of insurance policies are not of a nature requiring uniform national legislation. Section 514(b)(2)(B) prohibits treating employee benefit plans as insurers 'for purposes of *any law* of any state purporting to regulate insurance companies...' (emphasis added), and where 'Congress' command is explicitly stated in the statute's language' pre-emption must be found. *Jones v. Rath Packing Co.*, 430 U.S. 519, 525 [97 S.Ct. 1305, 1309, 51 L.Ed.2d 604]... (1979) (dictum)." *St. Paul, supra*, at 934.

Arguably, some of the above cases can be distinguished because these cases dealt with welfare benefit plans that were totally self-insured. However, *St. Paul* is a case virtually on all fours with this one; there, the court expressly noted that one of the plans had stop-loss coverage, and thus was not fully self-insured. *Id.*, at 933.

 I find the reasoning of *St. Paul* and the other cases persuasive on the pre-emption issue. The meaning of section 1144 is quite plain; ERISA pre-empts any state law that relates to employee benefit plans, and such plans are not deemed to be insurers covered by a state's insurance regulations. Thus section 1144 controls the issues in this case and dictates a finding of pre-emption. I reject the defendants' arguments to the contrary.

 The defendants contend that Chapters 285 and 313 require certain things that are not required by ERISA, that these statutes supplement ERISA. However, when

Congress expressly pre-empts an area, no supplemental state regulation is permitted. *Jones, supra; Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947). This is especially so with ERISA, where Congress chose exceedingly broad language of pre-emption. Chapters 285 and 313 plainly "relate to" employee welfare benefit plans that are also regulated by ERISA.

The defendants also argue that it is within the state's power to prescribe the type of health insurance forms used by insurance companies in this state, and that since the plaintiffs' plans use forms prepared by the stop-loss carriers, and are insured by those carriers under insurance policies issued under the state's regulations, the plans are under the state's regulatory authority. To the extent that the state's regulations only control the stop-loss carriers, the defendants may be correct. However, the defendants also admit that the chapters also regulate the plans themselves; Chapter 285 defines those covered in such a way that the plaintiffs' plans are included within those that are directly regulated by that chapter. *See* Wis.Stat. § 632.897(1)(c)(2). ERISA pre-empts this direct regulation of the plans.

The defendants also contend that the contribution to the risk sharing plan mandated by Chapter 313 is simply a premium tax to be paid by the stop-loss carriers on the premium paid by the plaintiffs' plans. However, the plaintiffs persuasively argue that this is not correct. The assessment under Chapter 313 is to be paid by the plans based on the total benefits paid; it is not limited only to an assessment of the stop-loss premium. *See* Wis.Stat. § 619.13(1)(a) and (b). Thus the defendants' statement that Chapter 313 would not tax the plans is incorrect; the plans themselves are taxed and are required to contribute to the risk-sharing plan. ERISA has pre-empted this type of regulation.

The defendants in their brief of May 15, 1981, argue that if their motion for summary judgment is denied, further discovery might be necessary, since the affidavits filed by the plaintiffs "raise questions which may affect the outcome" of this case. The defendants have filed no affidavits or other materials to elaborate on what questions might be raised. The record at bar is lengthy and comprehensive; copies of the actual benefit plans are included. This record was apparently sufficient for the defendants to move for summary judgment on the issue of pre-emption; as noted above, the plaintiffs' first ground for summary judgment is simply the opposite side to the defendants' motion. In addition, the parties were permitted ample time to brief the issues and submit whatever material was necessary. The defendants also have not brought a motion for a continuance, pursuant to Rule 56(f), Federal Rules of Civil Procedure.

I reject the defendants' effort to forestall summary judgment by vague allusions to disputed facts. I can perceive no genuine disputes over material facts in the record. I especially find no materiality to the defendants' suppositions that the plaintiffs' plans may have been created under ERISA to avoid the state's rules; exploration of this matter would have no bearing on whether ERISA pre-empts state regulations of plans created under it. In addition, the defendants' efforts to raise this issue are not sufficient to show that there is a factual dispute on this point. Rule 56(e), Federal Rules of Civil Procedure.

I am persuaded that as a matter of law the plaintiffs are entitled to a declaratory judgment that the defendants' enforcement of Chapters 285 and 313 against the plaintiffs would conflict with the regulatory scheme of ERISA and are pre-empted by it. Also, I am persuaded that the preliminary injunction should be made permanent. In light of these rulings, I need not address the other grounds raised by the plaintiffs.

Therefore, IT IS ORDERED that the plaintiffs' motion for summary judgment be and hereby is granted.

IT IS ALSO ORDERED that the defendants' motion for summary judgment be and hereby is denied.

IT IS FURTHER ORDERED that it be and hereby is declared that to the extent the provisions of Chapters 285 and 313, 1979 Wis.Laws, purport to regulate directly employee welfare benefit plans, they are preempted by the applicable provisions of ERISA.

IT IS FURTHER ORDERED that the defendants, and all of their agents, servants, employees, and attorneys, be and hereby are permanently enjoined from enforcing the provisions of Chapters 285 and 313, 1979 Wis.Laws, against the plaintiffs.