RICHARD L. RUSSO, Plaintiff-Appellant, *v.* JOHN BOLAND *et al.,*
Defendants-Appellees.

First District (5th Division)    No. 80-2786

Opinion filed January 8, 1982.

William M. Doty, Jr., of Chicago, for appellant.

J. Peter Dowd, of Jacobs, Burns, Sugarman & Orlove, of Chicago, for appellees.

JUSTICE MEJDA delivered the opinion of the court:

Plaintiff brought an action against defendants seeking specific performance of an alleged insurance contract and damages. Defendants filed a motion to dismiss the complaint pursuant to section 48 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48). The court granted defendants' motion and plaintiff appeals.

The issues raised on appeal are: (1) whether the supersedure and deemer provisions of the Employee Retirement Income Security Act

(ERISA) §514 (29 U.S.C. §1144(a), 1144(b)(2)(B)(1976)) apply to the defendant trust, pre-empting the application of the Illinois Insurance Code here; and (2) whether the Insurance Code of the State of Illinois is applicable to a self-funded trust established by a labor organization and employers through the negotiation process.

Plaintiff filed a complaint against defendants for specific performance and damages. The complaint alleged in pertinent part that defendant Boland (Boland) is the administrator of defendant Chicago Plastering Health & Welfare Trust (the Trust), a not-for-profit association engaged in the business of underwriting certain policies of health, medical and major medical insurance for its members. The complaint further alleged that plaintiff was seriously and permanently injured on June 10, 1975, while pursuing his trade as a plasterer. At the time of his injury, plaintiff had been a long-time member of the union for whose benefit the Trust had been established. As a result of these injuries, plaintiff was unable to work as a plasterer. The Trust notified plaintiff that if he desired to maintain the major medical and hospitalization insurance previously maintained by him, he would have to make a partial payment of the premium individually. The complaint further alleged that plaintiff made this required payment in April 1976 and thereafter in April 1977, 1978 and 1979. However, on August 24, 1979, Boland advised plaintiff that he was terminated from insurance coverage and that the Trust refused to underwrite major medical and hospitalization insurance for plaintiff. Plaintiff also alleged that due to the nature and extent of the injuries he sustained, he is unable to obtain major medical and hospitalization insurance for himself and his dependents from any other company. Plaintiff further alleged that defendants' actions violated certain provisions of the Illinois Insurance Code which according to him provide that every group policy providing health insurance coverage shall have a conversion provision by which a converted policy shall issue to the member previously insured by a group policy without evidence of insurability and upon payment of the required premium (Ill. Rev. Stat. 1979, ch. 73, par. 979e) and further that a "Company" includes a "* * * corporation, company, partnership, association, society, order, individual * * *." (Ill. Rev. Stat. 1979, ch. 73, par. 614.) Plaintiff alleged that defendants failed to issue such converted policy and, finally, that he has no adequate remedy at law.

The complaint prayed the court to order and require Boland to issue the policy and the Trust to underwrite it; to enter an order "declaring that defendant [Trust] is liable, under the terms and conditions of * * * its agreement for all amounts paid by the Plaintiff * * * for major medical and hospitalization care from and including the date of termination of said policy by the Defendants and each of them to the date of issuance of a new policy of insurance"; for costs and attorney fees and for such other

relief as the court deemed proper. Attached to the complaint was a photocopy of the April 1979 payment of $815 tendered to defendants and returned by them to plaintiff, and a photocopy of a letter from Boland to plaintiff explaining that the Trust would be unable to provide plaintiff with a conversion privilege as it was self-funded as of April 1, 1977, and no insurance company was involved.

Defendants filed a motion to dismiss alleging that the Trust is an employee benefit plan established by employers in the plastering industry and the Journeymen Plasterers' Protective and Benevolent Society of Chicago, Local No. 5, of the Operative Plasterers and Cement Masons International Association of the United States and Canada, a labor organization. The motion further alleged that the provisions of State law relied on in plaintiff's complaint are inapplicable to the Trust because (1) the State statute is pre-empted by the Employee Retirement Income Security Act of 1974 (ERISA), section 514(b)(2)(B) (29 U.S.C. §1144(b)(2)(B) (1974)) as amended; and (2) the benefits available through the Trust are not provided through a group insurance policy, but paid solely out of Trust assets, and thus the Trust is neither an insurance company nor association subject to regulation under the State insurance statute cited by plaintiff.

Attached to defendants' motion to dismiss and incorporated by reference were an affidavit of Boland and the amended trust agreement for the Trust. Boland's affidavit recited that the Trust is funded by contributions received from employers in the plastering industry pursuant to collective bargaining agreements; that it is self-funded, benefits being paid out of plan assets to eligible employees and dependents; that the plan does not purchase a group insurance contract from an insurance company, nor does it offer insurance contracts to participants; that the trust fund qualifies as an employee welfare trust under §501(c)(9) of the Internal Revenue Code (I.R.C. §501(c)(9)); that the Trust is not authorized to sell insurance policies or to provide benefits to persons not meeting the eligibility requirements for participation as an employee or dependents of an employee. The motion further alleged that plaintiff was denied eligibility for benefits from April 1979 because he did not work in covered employment during the 1978 calendar year; he was not an employee or member on April 1, 1979, insofar as (a) he was not employed by a contributing employer, (b) he was not seeking work with contributing employers in the industry, as evidenced by his withdrawal from the Union, (c) he was not a pensioner, and (d) he had severed his connection with the trade by the lump sum withdrawal of his accumulated pension benefits and withdrawal from the Union. Plaintiff did not file any counteraffidavit to defendants' motion to dismiss.

The trial court granted defendants' motion. Although the court's

order did not recite the reasons for dismissal, plaintiff states in his brief that the basis of the court's order was the pre-emption of the Illinois Insurance Code by provisions of ERISA (29 U.S.C. §§1144(a), 1144(b)(2)(B), (1976)). Plaintiff appeals.

OPINION

■■■ Plaintiff asserts that the allegations recited in defendants' motion and affidavit raise additional factual issues which were improperly considered by the trial court in ruling on the motion. Although defendants' motion to dismiss did not specify the specific Civil Practice Act provision on which it was based, it was apparently brought under subsection 48(1)(i), which allows for the dismissal of an action based on the assertion of affirmative matter which does not appear on the face of the complaint. (Ill. Rev. Stat. 1979, ch. 110, par. 48(1)(i).) This subsection is limited by the basic rule that a motion to dismiss admits all well-pleaded facts, but it does not admit conclusions of law, nor conclusions of fact unsupported by allegations of specific fact upon which such conclusions rest. (*Village of Niles v. City of Chicago* (1980), 82 Ill. App. 3d 60, 401 N.E.2d 1235.) The alleged affirmative matter asserted to defeat the claim or demand must be something more than evidence offered to refute a well-pleaded fact in the complaint, for such well-pleaded facts must be taken as true for purposes of a motion to dismiss. (*Austin View Civic Association v. City of Palos Heights* (1980), 85 Ill. App. 3d 89, 405 N.E.2d 1256.) To defeat a claim or demand under subsection 48(1)(i) the alleged affirmative matter must negate the cause of action completely or refute crucial conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained in or inferred from the complaint. (*Austin View Civic Association*; see *John v. Tribune Co.* (1962), 24 Ill. 2d 437, 181 N.E.2d 105, *cert. denied* (1962), 371 U.S. 877, 9 L. Ed. 2d 114, 83 S. Ct. 148.) A careful review of defendants' motion shows that no facts were asserted in defendants' motion contradicting those raised in plaintiff's complaint. Rather, the motion raised as affirmative matter a question of law—the applicability of ERISA's pre-emption provisions here. Therefore, despite plaintiff's suggestion to the contrary, defendants' motion raises a legal defense which could defeat plaintiff's entire claim and hence was properly considered under subsection 48(1)(i).

We next consider whether the trial court properly dismissed plaintiff's complaint because of the pre-emption provisions found in section 514 of ERISA (29 U.S.C. §1144 (1976)), preliminarily noting that although plaintiff's brief suggests that the Trust is not an employee welfare benefit trust within ERISA's scope, plaintiff conceded in oral argument that the Trust is an employee welfare trust within the scope of ERISA.

Section 514 of ERISA contains four clauses especially pertinent here.

It contains a supersedure clause which provides that all State laws are superseded insofar as they relate to employee benefit plans. (29 U.S.C. §1144(a) (1976); *Wadsworth v. Whaland* (1st Cir. 1977), 562 F.2d 70, *cert. denied* (1978), 435 U.S. 980, 56 L. Ed. 2d 72, 98 S. Ct. 1630.) The supersedure provision is modified, however, by a "saving" clause which states that "* * * nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." (29 U.S.C. §1144(b)(2)(A) (1976).) The "saving clause" is in turn limited by a "deemer" provision which provides that no employee benefit plan (with certain limited exceptions not applicable here) nor any trust established under such a plan shall be deemed an insurance company or other insurer for purposes of any law of any State purporting to regulate insurance companies or insurance contracts. (29 U.S.C. §1144(b)(2)(B) (1976).) For purposes of the pre-emption provisions found in section 514, "State law" includes State court decisions. 29 U.S.C. §1144(c)(1) (1976); *Eversole v. Metropolitan Life Insurance Co.* (C.D. Cal. 1980), 500 F. Supp. 1162, 1167.

Plaintiff asserts that pre-emption is not clearly mandated in the instant case because under the "saving" clause (29 U.S.C. §1144(b)(2)(A) (1976)), pre-emption is not required where the subject matter is insurance, and that the Trust is in effect an insurance plan and hence subject to State regulation. Plaintiff points to no provision of the Illinois Insurance Code which specifically states that the Code is applicable to an employee welfare benefit trust. Rather, plaintiff argues that the Trust comes within the definition of "company" found in the Code and therefore the Code is applicable to the Trust. Clearly, the thrust of plaintiff's complaint is to have the State court construe the Illinois Insurance Code so as to bring the Trust within its scope and regulation. Plaintiff further argues that the decision he seeks does not impose State regulation of a pre-empted area, but only permissibly indirectly regulates an employee welfare benefit plan, citing *Wadsworth v. Whaland* (1st Cir. 1977), 562 F.2d 70. *Wadsworth* is distinguishable, however, in that the welfare plans involved were the purchasers of group policies from insurance carriers. The State law in question regulated group policies in general. The court held that the deemer provision (29 U.S.C. §1144(b)(2)(B)(1976)) does not prevent a State from indirectly affecting plans by regulating the contents of group insurance policies purchased by the plans.

■■ Whether or not pre-emption is mandated here turns on a consideration of the deemer clause of section 514. In *Wadsworth* the court pointed out that "[t]he deemer clause simply provides that a state may not deem an employee benefit plan to be an insurance company, insurer, or in the business of insurance for the purposes of its insurance laws. *Consequently, a state may not regulate an employee benefit plan simply*

*because the plan serves as self-insurer on all of its benefits."* (Emphasis added.) (562 F.2d 70, 77.) Defendant trust against which plaintiff brings his action is such a self-insurer. In the case of *St. Paul Electrical Workers Welfare Fund v. Markmam* (D. Minn. 1980), 490 F. Supp. 931, the district court held that employee benefit plans which, as in the instant case were established by collective bargaining between unions and employers and were self-insurers, were not subject to regulation by State law, because of the broad pre-emption encompassed by 29 U.S.C. §1144 (1976). In *St. Paul Electrical Workers Welfare Fund* the Minnesota Comprehensive Health Insurance Act of 1976 (Minn. Stat. §62E.01 *et seq.*) contained a provision whereby employee welfare benefit plans were deemed self-insurers. The court held that deeming the plans self-insurers and thereby subjecting them to State law was direct and not indirect regulation. Accordingly, plaintiff here is no less asking for direct regulation, because he is asking the State court to deem the Trust an insurance company so it may be brought within the scope of the Illinois Insurance Code and its conversion policy requirements. Thus, plaintiff's action, which seeks to directly regulate the defendant trust, is barred by the pre-emption provisions found in 29 U.S.C. §1144 (1976). *General Split Corp. v. Mitchell* (E.D. Wisc. 1981), 523 F. Supp. 427.

Finally, in his reply brief, plaintiff suggests that State regulation here would only supplement the protection provided by ERISA. That argument must fail, however, because where Congress expressly pre-empts an area, no supplemental State regulation is permitted. *General Split Corp.;* see *Rice v. Santa Fe Elevator Corp.* (1947), 331 U.S. 218, 91 L. Ed. 1447, 67 S. Ct. 1146.

For the reasons cited herein, the judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN, P. J., and WILSON, J., concur.