Eric MOORE, Plaintiff/Appellant,

v.

PROVIDENT LIFE AND ACCIDENT IN-SURANCE COMPANY and Does I through X, inclusive; Flexpak of California, a California corporation; the Beech Street Health Care Services, Inc., a company; Carolyn McCartney; R.A. McDonald; William K. Kewell; Charles Ruble, Jr.; O.H. Rieth; Walter Ziemba; Emerson Taylor; Kent Gilmore; Fred W. Correll; Glenn Haynes, Jr.; Arthur L. Burnett; Eugene J. Villalobos; Gary Dunmire; & Stephen Northup, as Trustees of the Trust of Printing Specialties and Paper Products Joint Employer Union Health and Welfare Fund, Defendants/Appellees.

PROVIDENT LIFE AND ACCIDENT INSURANCE CO., Cross-Complainant/Appellee,

v.

FLEXPAK OF CALIFORNIA, Cross-Defendant/Appellant.

Nos. 85–1887, 85–1957.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 1986.

Decided April 7, 1986.

Glen L. Moss, Hayward, Cal., Kenneth Carey, Redwood City, Cal., for plaintiff/appellant.

Glen R. Roberts, Donaldson & Roberts, San Diego, Cal., Daniel Maguire, Stephen H. Galton, Galton & Helm, Los Angeles, Cal., for defendants/appellees.

Before SNEED and KOZINSKI, Circuit Judges, and SOLOMON,* District Judge.

SOLOMON, Judge:

Moore filed an action to recover payments under an employee benefit plan and for punitive damages for the violation of the Employee's Retirement Income Security Act of 1974[1] (ERISA) and California insurance law. The district court held that Moore was ineligible for benefit payments under the employee benefit plan agreement and that Moore's California statutory and common law claims related to the administration of the employee benefit plan and were pre-empted by ERISA. The district court granted summary judgment in favor of appellees Provident Life and Accident Insurance Company (Provident), Beech Street Health Care Services, Inc. (Beech Street), and the Trustees of the Printing Specialties and Paper Products Joint Employer Union Health and Welfare Fund (Trust Fund).

## FACTS

Flexpak of California (Flexpak) is one of several employers who are members of the Trust Fund which was created under a collective bargaining agreement between certain printing and paper products unions and the employers of the members of those unions. The Trustees were authorized to establish a self-funded employee benefit plan.

The Trust Fund entered into an agreement with Provident under which the Trust Fund chose to adopt the terms and provisions of a Provident group policy as its own self-funded medical and dental insurance plan (Plan). Under the agreement, Provident provides only excess or "stop-loss" insurance to the Trust Fund when claims paid under the Plan exceed a specified aggregate amount in any year. At no time during any policy year since the Plan was adopted have claims exceeded the specified aggregate amount.

A second agreement provides that the Trust Fund shall administer the Plan through a third-party administrator who shall be responsible for determining benefits, handling claims, and paying benefits. In a separate agreement, Provident retained the privilege to review the administrator's determination of the amount of benefits and to defend or settle any action filed on a claim for benefits under the Plan. U.S. Administrators was the original administrator of the Plan, but in March, 1983, Beech Street assumed the administrative responsibilities for the Trust Fund.

The member employers of the Trust Fund, including Flexpak, contribute on a monthly basis to the Trust Fund for their eligible employees. An employee who has a claim must file it with the administrator for processing. The employees' claims are paid out of the Trust Fund until the aggregate amount is reached.

An employee of a member employer is eligible for benefits under the Plan when the employee has worked at least eighty hours a month for more than three months and his employer has made contributions

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

1. 29 U.S.C. §§ 1001–1381.

on his behalf. The employee's eligibility ends on the first day of the second calendar month following the month in which the employee worked less than eighty hours. But an employee may extend coverage for six months after the last month in which he worked at least eighty hours if he contributes to the Trust Fund.

Moore was employed by Flexpak until he was fired in January, 1981. Moore did not return to work for Flexpak nor did he work for any other employer member of the Trust Fund. Nevertheless, Flexpak, at the direction of Harry Moore, Eric Moore's father and owner of fifty percent of Flexpak, continued to contribute to the Trust Fund for Moore and continued to list Moore on the monthly "Employer Contribution Report."

Moore was injured in a motorcycle accident on October 28, 1982. He submitted a claim to the administrator of the Trust Fund for his medical expenses. The administrator processed Moore's claim and paid him medical benefits until the Spring of 1983 when it became aware that Moore was not an employee of Flexpak. When the administrator learned that Moore was no longer eligible for benefits under the Plan, payments to Moore were discontinued and the administrator refused to pay the balance of Moore's medical bills.

### Prior Proceedings

Thereafter, Moore filed an action in the California state court against Provident for declaratory relief. The case was removed to the district court on diversity grounds. Moore filed an amended complaint adding the administrator and Trustees as defendants and Flexpak as a "conditionally necessary" party. Moore seeks both compensatory damages and punitive damages against all defendants, except Flexpak. He alleges breach of covenant of good faith and fair dealing, and breach of fiduciary duties under California law and ERISA. He also alleges fraud and the violation of California Insurance Code § 790.03, and he also seeks declaratory relief.

Provident moved for summary judgment asserting Moore's ineligibility for benefits under the plan and because of ERISA pre-emption. The district court granted the motion and thereafter, by stipulation, made the order granting summary judgment in favor of Provident applicable to the other defendants except Flexpak.

### DISCUSSION

Summary judgment, which is reviewed *de novo,* is appropriate if, viewing the evidence in the light most favorable to the opposing party, the trial court finds that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Jung v. FMC Corp.,* 755 F.2d 708, 710 (9th Cir.1985). *Are the state law claims pre-empted by ERISA?*

ERISA was enacted to protect the interests of employees who are covered under an employee benefit or pension plan. It imposes participation, funding, and vesting requirements on pension plans. 29 U.S.C. §§ 1051–1086. It sets various uniform standards, including rules on reporting, disclosure, and fiduciary responsibility for both pension and welfare plans. 29 U.S.C. §§ 1021–1031, 1101–1114. *See Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 91, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983). ERISA also requires the fair and proper handling and disposition of benefit claims. *Russell v. Mass. Mut. Life Ins. Co.,* 722 F.2d 482, 488 (9th Cir.1983), *rev'd on other grounds,* —— U.S. ——, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985).

The pre-emption provision of ERISA in 29 U.S.C. § 1144(a) reads:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan · · ·

This pre-emption provision is modified by a "savings clause" which reads:

> Except as provided in subparagraph (B), nothing in this subchapter shall be

construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities.

29 U.S.C. § 1144(b)(2)(A). The "savings clause" is further modified by a "deemer" provision which reads:

Neither an employee benefit plan ... nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for the purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies.

29 U.S.C. § 1144(b)(2)(B).

Moore asserts that Provident is an insurance company, that the California state insurance laws apply to Provident, the Trust Fund, and the Plan, and that the "savings clause" of ERISA precludes preemption of the state law claims. The appellees, on the other hand, argue that the Plan is an uninsured employee benefit plan which merely purchased excess or stop-loss insurance from Provident, that Provident never acted as an insurer under the Plan because the aggregate amount was never reached, and that the "deemer" provision prevents the Trust Fund or the Plan from being deemed an insurance company for the purpose of ERISA pre-emption.

The ERISA statutes require a three-step analysis to determine the issue of pre-emption of state law claims. First, do the state laws relate to an employee benefit plan? Second, do the state laws regulate insurance, banking or securities so that the savings clause precludes pre-emption by ERISA? Third, does the deemer clause prevent the Plan or Trust Fund from being deemed an insurance company?

1. Applicability of state laws.

■ Moore charged appellees with breach of the duty of good faith and fair dealing, breach of fiduciary duty, fraud, and estoppel by conduct. In addition to these state common law claims, Moore alleged violations of the California Insurance Code § 790.03, which provides statutory relief for various unfair insurance practices. There is no merit in Moore's claims. There is a direct connection between these state laws and the Plan because the state laws authorize state causes of action for the improper handling of claims under employee benefit plans. Russell v. Mass. Mut. Life Ins. Co., 722 F.2d 482, 487 (9th Cir. 1983), rev'd on other grounds, — U.S. ——, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985); Blau v. Del Monte Corp., 748 F.2d 1348, 1356, (9th Cir.1984), cert. denied, — U.S. ——, 106 S.Ct. 183, 88 L.Ed.2d 152 (1985). Moore's state causes of action are therefore subject to pre-emption under 29 U.S.C. § 1144(a) of ERISA unless covered by the savings clause.

2. Is Provident an insurance company under the savings clause?

■ The apparent Congressional intent behind the "savings" and "deemer" clauses of ERISA was to preserve the reservation of the right to regulate the business of insurance granted to the states by the McCarran-Ferguson Act (Act). Metropolitan Life Ins. Co. v. Massachusetts, — U.S. ——, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985). The scope of the Act, however, is restricted to the type of state regulation that centers around the contract of insurance and may regulate insurance companies only when they are engaged in the business of insurance. SEC v. National Securities, Inc., 393 U.S. 453, 459–60, 89 S.Ct. 564, 568–69, 21 L.Ed.2d 668 (1969).

The primary features of an insurance contract are the spreading and underwriting of a policyholder's risk. Group Life & Health Ins. Co. v. Royal Drug Co., 440 U.S. 205, 211, 99 S.Ct. 1067, 1073, 59 L.Ed.2d 261 (1979). The specified aggregate amount required to trigger Provident's contractual liability to the Trust Fund was never reached. There was no insurance contract or policy involved in Moore's claim. Provident's role in relation to the Trust Fund and Moore's claim was

not that of an insurance company but was merely as an administrative overseer.

Provident's privilege to review the administrator's determination of the amount of a claim and to defend or settle any action on a claim under the Plan does not require a finding that Provident was engaged in the business of insurance in relation to the Plan. *See Powell v. Chesapeake & Potomac Telephone Co. of Va.,* 780 F.2d 419, 422–24 (4th Cir.1985). These activities have nothing to do with the spreading and underwriting of a policyholder's risk. They are purely administrative claims processing functions.

The administrative privileges retained by Provident are not related to the business of insurance and are not within the contemplation of ERISA's insurance savings clause. In addition, Provident did not exercise any of the retained rights. The state claims against Provident are not based on laws regulating the activities of an insurance company engaged in the business of insurance and are therefore not saved from pre-emption by the savings clause.

3. May the Plan or the Trust Fund be deemed an insurance company?

■ The Supreme Court has recognized the distinction between insured and uninsured plans in the deemer clause when it held that insured plans are open to indirect regulation by the states but uninsured plans may not be regulated either directly or indirectly by the states and that these uninsured plans are regulated exclusively by the provisions of ERISA. *Metropolitan Life, supra,* 105 S.Ct. at 2393.

It is undisputed that here the Plan was a self-insured employee benefit plan. The member employers of the Trust Fund contributed monthly to the fund on behalf of their employees, and these contributions were the sole assets of the Plan. The Trust Fund merely adopted the form and substance of an existing Provident medical and dental plan. It did not buy the Plan from Provident nor did Provident provide any insurance to the Plan. The Trust Fund did purchase excess or "stop-loss" coverage from Provident, but this "stop-loss" coverage came into effect only when a specified aggregate amount of claims had been paid by the Trust Fund in a policy year.

Various district courts have held that a self-insured benefit plan, like this Plan, falls squarely within the "deemer" clause as an uninsured plan, and an excess coverage or a "stop-loss" policy which protects the trust or other employee benefit plan from catastrophic loss does not change this result. *Hutchinson v. Benton Casing Service, Inc.,* 619 F.Supp. 831 (S.D.Miss.1985); *see also General Split Corp. v. Mitchell,* 523 F.Supp. 427 (E.D.Wis.1981); *St. Paul Elec. Workers Welfare Fund v. Markman,* 490 F.Supp. 931 (D.Minn.1980). We agree.

The Trust Fund and Plan are an employee benefit plan under ERISA and cannot be deemed an insurance company for purposes of the savings clause.

The district court correctly found that Moore's California statutory and common law claims are pre-empted by ERISA. Moore's state law claims which relate to the Plan are subject to pre-emption. His state law claims against Provident are not saved from pre-emption by the savings clause because Provident never acted as an insurer in relation to the Plan.

*Is Moore entitled to recover under ERISA?*

Moore asserts that appellees breached their fiduciary duties under ERISA by failing to pay his medical claims and by failing to audit the eligibility of Flexpak's employees. He also asserts that he is entitled to extra-contractual and punitive damages for appellees' failure to pay his claim.

■ In determining whether the denial of benefits under an employee benefit plan constitutes a breach of fiduciary duty, this court accords broad deference to trustee decisions. Eligibility decisions by trustees will not be reversed unless arbitrary, capricious, made in bad faith, not supported by substantial evidence, or erroneous on a question of law. *Ellenburg v. Brockway, Inc.,* 763 F.2d 1091, 1093 (9th Cir.1985);

*Rehmar v. Smith,* 555 F.2d 1362, 1371 (9th Cir.1976).

The Plan requires an employee to work eighty hours a month to be eligible for benefits. An employee who has quit, been fired, or has otherwise not worked eighty hours in a month may contribute to the Trust Fund and continue his coverage for not to exceed six months. At the time of Moore's accident, more than six months had elapsed since Moore had worked eighty hours in any one month as a Flexpak employee. Flexpak did continue to make contributions on Moore's behalf, but Moore was ineligible for benefits under the express terms of the Plan.

Moore is also unable to qualify as the dependent of an eligible employee. The Plan defines "dependents" as all children under the age of nineteen and children between the ages of nineteen and twenty-three who are registered students. At the time of his accident, Moore was twenty-four years old and was working for an employer who was not a member of the Trust Fund.

The decision to deny Moore further benefit payments was not arbitrary, capricious, or in bad faith. Substantial evidence supports the decision to deny Moore benefits because he was not eligible to receive payments under the terms of the Plan.

Moore argues that Provident had a duty to audit Flexpak's records to determine the eligibility of individual Flexpak employees. Moore cites *Central States v. Central Transport, Inc.,* —— U.S. ——, 105 S.Ct. 2833, 86 L.Ed.2d 447 (1985), as authority for this proposition. Under *Central States,* the trustee of the employee benefit plan had the privilege, not the duty, to audit a member employee's record. Provident's failure to audit Flexpak's records, absent an express duty to do it, is not a violation of ERISA.

*Is Moore entitled to recover on his estoppel claim?*

Moore contends that under California law the appellees are estopped from denying him benefit plan coverage. There is no merit to this contention. Moore's estoppel claim must be based on federal law because his benefit plan coverage is pre-empted by ERISA.

An employee benefit fund created under a collective bargaining agreement cannot be required on the grounds of equitable estoppel to pay benefits to a person ineligible under the Plan's provisions. *Aitken v. IP & GCU-Employer Retirement Fund,* 604 F.2d 1261, 1267 (9th Cir.1979). The district court properly determined that Moore's estoppel claim was insufficient as a matter of law.

The judgment of the district court is AFFIRMED.