GENERAL HERMAN ANDREWS, Plaintiff-Appellant, v. MID-AMERICA BANK & TRUST COMPANY OF FAIRVIEW HEIGHTS, Defendant-Appellee.

Fifth District   No. 5—86—0307

Opinion filed January 29, 1987.

Frederick M. Steiger, of St. Louis, Missouri, for appellant.

Richard J. Zalasky, of Brown, James & Rabbitt, P.C., of St. Louis, Missouri, for appellee.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Plaintiff, General Herman Andrews, filed a complaint alleging defendant, Mid-America Bank & Trust Company of Fairview Heights, wrongfully repossessed and converted a tractor and flatbed trailer used by plaintiff. Defendant filed a motion for involuntary dismissal of counts I and II of plaintiff's second amended complaint pursuant to section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9)). In its motion, defendant contended that the security agreement between plaintiff and defendant had attached and was enforceable and that defendant had a right to take immediate possession of the tractor and trailer as of a certain date. The trial court granted defendant's motion and dismissed counts I and II of plaintiff's complaint. Plaintiff now challenges the validity of the dismissal order. We affirm.

In March of 1981, plaintiff purchased a GMC tractor from defendant. In order to make the purchase, plaintiff entered into a financing and security agreement with defendant. Under this agreement, defendant financed the purchase and plaintiff granted a security interest in the tractor, a flatbed trailer, and a deed of trust covering certain real property in St. Louis, Missouri. The agreement was evidenced by a collateral demand note secured by a collateral pledge

agreement. Plaintiff obtained actual possession of the tractor approximately one week later.

Plaintiff's first payment was due on April 30. Plaintiff failed to make this payment or any of the monthly payments required by the terms of the collateral demand note. Defendant declared plaintiff to be in default on the collateral demand note and security agreement and repossessed the tractor and took possession of the trailer in June of 1982.

■ Plaintiff argues on appeal that the trial court erred in granting defendant's motion for involuntary dismissal. Plaintiff contends defendant failed to state an "affirmative matter" necessary for dismissal under section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9)).

Section 2—619(a)(9) provides that a defendant may file a motion for dismissal on the ground that "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9).) "Other affirmative matter" is something in the nature of a defense which negates an alleged cause of action completely or refutes crucial conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained in or inferred from the complaint. (*In re Estate of Bajonski* (1984), 129 Ill. App. 3d 361, 365, 472 N.E.2d 809, 812.) It is something more than mere evidence offered to refute well-pleaded facts in the complaint which necessarily are taken as true for purposes of the motion to dismiss. (*Russo v. Boland* (1982), 103 Ill. App. 3d 905, 908, 431 N.E.2d 1294, 1297; *Austin View Civic Association v. City of Palos Heights* (1980), 85 Ill. App. 3d 89, 93, 405 N.E.2d 1256, 1261.) Defendant's "affirmative matter" falls within this category. Defendant has asserted and proven a legal justification for the repossession and acquisition of the tractor and trailer, thereby negating the conversion causes of action asserted in counts I and II of plaintiff's second amended complaint. Defendant did not offer simply evidence negating or contesting the truth of factual allegations contained in plaintiff's complaint. *Cf. Longust v. Peabody Coal Co.* (1986), 151 Ill. App. 3d 754, 757.

Without question, plaintiff signed a collateral demand note in consideration for defendant's loaning plaintiff the amount needed to purchase the tractor. Under the express terms of the collateral demand note, plaintiff granted defendant a security interest in the tractor and trailer. In this same note, plaintiff agreed to make monthly payments to defendant. Plaintiff did not make any of the required payments and was therefore in default on the collateral demand note and security

agreement. Pursuant to the terms of the collateral demand note and sections 9—501 and 9—503 of the Uniform Commercial Code (Ill. Rev. Stat. 1985, ch. 26, pars. 9—501, 9—503), defendant had the right to take immediate possession of both the tractor and trailer without the aid of judicial process once plaintiff was in default.

■ To constitute conversion of a chattel, there must be an unauthorized assumption of the right to possession or ownership. (*Jensen v. Chicago & Western Indiana R.R. Co.* (1981), 94 Ill. App. 3d 915, 932, 419 N.E.2d 578, 592.) Plaintiff must show a tortious conversion of the chattel, a right to the property, and an absolute and unconditional right to immediate possession of the property. (*First National Bank v. Lachenmyer* (1985), 131 Ill. App. 3d 914, 917, 476 N.E.2d 755, 758, *modified* (1986), 146 Ill. App. 3d 1035, 497 N.E.2d 844; *Jensen v. Chicago & Western Indiana R.R. Co.* (1981), 94 Ill. App. 3d 915, 932, 419 N.E.2d 578, 593.) "The essence of conversion is not acquisition by the wrongdoer but a wrongful deprivation of the owner thereof." *Jensen v. Chicago & Western Indiana R.R. Co.* (1981), 94 Ill. App. 3d 915, 932, 419 N.E.2d 578, 593.

■ Plaintiff has not alleged nor could he ever show he had an unconditional, absolute right to immediate possession of the tractor and trailer after he defaulted on the collateral demand note and security agreement. Plaintiff never alleged nor has he shown he made any of the required payments. Plaintiff's claims of conversion are without merit. (See *First National Bank v. Lachenmyer* (1985), 131 Ill. App. 3d 914, 917, 476 N.E.2d 755, 758.) Because defendant has sufficiently established plaintiff cannot recover under counts I and II of his complaint, the trial court committed no error in granting defendant's motion for involuntary dismissal. Compare *In re Estate of Bajonski* (1984), 129 Ill. App. 3d 361, 365-66, 472 N.E.2d 809, 812-13 and *Russo v. Boland* (1982), 103 Ill. App. 3d 905, 908, 431 N.E.2d 1294, 1297, with *Michigan Avenue National Bank v. State Farm Insurance Co.* (1980), 83 Ill. App. 3d 507, 511, 404 N.E.2d 426, 429-30 and *Brewer v. Stovall* (1977), 54 Ill. App. 3d 261, 265-66, 369 N.E.2d 365, 369.

Plaintiff contends, however, a genuine issue to a material fact remained in the dispute between the parties concerning whether all of the preconditions to an enforceable security agreement were satisfied. Plaintiff claims the consideration for the security agreement failed in that he never received title to the tractor, and thus the agreement never attached to the collateral and was unenforceable. Plaintiff therefore believes the trial court erred in granting the defendant's motion for dismissal. (See Ill. Rev. Stat. 1985, ch. 110, par. 2—619(c).)

We disagree.

■ Section 2—619(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(c)) requires that a motion for involuntary dismissal be denied when a genuine issue as to a material fact exists and the plaintiff has made a timely jury demand. (See also *Pennington v. Jones* (1977), 46 Ill. App. 3d 65, 67, 360 N.E.2d 566, 567; *Greenstein v. Nogle* (1972), 5 Ill. App. 3d 594, 599, 283 N.E.2d 492, 496.) Plaintiff made a timely jury demand, but no genuine issue to a material fact exists in this instance. Rather, plaintiff's complaint raised solely a question of law for the trial court to decide. The trial court therefore did not err in granting defendant's motion to dismiss counts I and II of plaintiff's complaint.

■ The creation of a security interest in a vehicle for which a certificate of title is required is governed solely by article 9 of the Uniform Commercial Code. (See *McHenry State Bank v. Y & A Trucking, Inc.* (1983), 117 Ill. App. 3d 629, 635, 454 N.E.2d 345, 349; *Peterson v. Ziegler* (1976), 39 Ill. App. 3d 379, 382, 350 N.E.2d 356, 359-60.) Under sections 9—203 and 9—204 (Ill. Rev. Stat. 1985, ch. 26, pars. 9—203, 9—204), the requirements for the creation of a security interest by a debtor in favor of his creditor are that the debtor must have or acquire rights in the collateral, the creditor must give value to the debtor, the creditor and the debtor must agree that a security interest shall attach to the collateral, and either the collateral must be in the possession of the creditor or there must be a written security agreement signed by the debtor which contains a description of the collateral. (See also *Peterson v. Ziegler* (1976), 39 Ill. App. 3d 379, 383, 350 N.E.2d 356, 360.) All of these requirements have been met in this instance.

■ Plaintiff entered into a written security agreement with defendant containing a description of the collateral repossessed. Plaintiff obtained possession of the tractor and trailer before repossession. Plaintiff therefore acquired rights in the collateral prior to its repossession and was given value prior to the repossession even though lacking formal written title. (See *Central National Bank v. Worden-Martin, Inc.* (1980), 90 Ill. App. 3d 601, 603-04, 413 N.E.2d 539, 541.) The Uniform Commercial Code does not require title to, only rights in, the collateral. (Ill. Rev. Stat. 1985, ch. 26, par. 9—203(1); *Central National Bank v. Worden-Martin, Inc.* (1980), 90 Ill. App. 3d 601, 604, 413 N.E.2d 539, 541. See also *McHenry State Bank v. Y & A Trucking, Inc.* (1983), 117 Ill. App. 3d 629, 635, 454 N.E.2d 345, 349; *Peterson v. Ziegler* (1976), 39 Ill. App. 3d 379, 383-84, 350 N.E.2d 356, 360.) Consideration for the security agreement therefore did not

fail, and a valid security agreement attached to the tractor and trailer, thereby entitling defendant to repossess the collateral upon default. See *South Division Credit Union v. Deluxe Motors, Inc.* (1976), 42 Ill. App. 3d 219, 221-22, 355 N.E.2d 715, 717-18.

For the foregoing reasons, the order of the circuit court of St. Clair County dismissing counts I and II of plaintiff's second amended complaint is affirmed.

Affirmed.

JONES and KASSERMAN, JJ., concur.